**Robert Alton HARRIS, Petitioner–Appellant,**

v.

**Daniel VASQUEZ, Warden of California State Prison at San Quentin, Respondent–Appellee.**

No. 90–55402.

United States Court of Appeals, Ninth Circuit.

March 22, 1991.

Charles M. Sevilla and Michael McCabe, San Diego, Cal., and Michael Laurence, San Francisco, Cal., for petitioner-appellant.

Jay M. Bloom, Supervising Deputy Atty. Gen., and Louis R. Hanoian, Supervising Deputy Atty. Gen., San Diego, Cal., for respondent-appellee.

Kent S. Scheidegger, Special Deputy Atty. Gen., Sacramento, Cal., for amici curiae, States of Idaho, Ariz., Mont., Nev. and Wash.

Before ALARCON, BRUNETTI, and NOONAN, Circuit Judges.

## ORDER

On March 26, 1990, Harris filed his third federal petition for a writ of habeas corpus. This petition alleged the following grounds for relief: (1) the state denied Harris his constitutional right to competent psychiatric assistance under *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985); (2) Harris was denied the effective assistance of counsel; (3) newly discovered evidence of organic brain damage and other mental disorders warranted relief; (4) false testimony was presented by a prosecution psychiatrist; (5) the state courts failed to review independently the evidence and determine the appropriateness of the death penalty as required by state law; and (6) the prosecution relied upon the testimony of Joey Abshire whom Harris alleged was a government agent who unlawfully interrogated him ("the Abshire claim"). The Abshire claim was based upon two declarations stating that Abshire had unauthorized access to the legal papers of Harris's brother and codefendant, Daniel Harris. Harris also asserted that the Abshire claim did not violate Rule 9 of the rules governing habeas petitions under 28 U.S.C. § 2254 because the evidence of Abshire's access to Daniel Harris's papers was discovered "fortuitously" during an interview with Daniel Harris regarding Harris's mental state.

On March 28, 1990, the district court, after carefully considering the merits of each claim, denied the petition. As to the Abshire claim, the court rejected Harris's argument on the grounds that

> Harris does not present any evidence to support his claim that Abshire was in fact a government agent or that Abshire had an agreement with the government prior to his July 26, 1978 conversation with Harris. The record suggests that Abshire questioned Harris out of his own curiosity and later, when offered a deal, agreed to testify against Harris.

The court found the declarations contained only "conjectural information" and even if found true would "not make [Abshire] a government agent." On March 30, 1990, four days before his scheduled execution,

Harris filed with this court an emergency application for a stay of execution and issuance of a certificate of probable cause. The stay and certificate of probable cause were issued.

On appeal, this court found that Rule 9 barred each of Harris's claims. *Harris v. Vasquez,* 913 F.2d 606, 617–18 (9th Cir. 1990). As to the Abshire claim, we stated that this claim could have been raised in his previous federal petitions and was therefore an abuse of the writ to raise it at this time. *Id.* at 618. In the interests of justice we also addressed the merits of Harris's contentions. We stated that the two declarations provided by Harris, stating that Abshire had access to Daniel Harris's cell and papers, did "not provide a sufficient evidentiary basis" to warrant an evidentiary hearing on the matter. *Id.* at 629. The declarations did not "indicate[ ] that the state participated in the visit [by Abshire to Daniel Harris's cell] or authorized it in any way." *Id.*

On November 28, 1990, Harris filed a petition for rehearing. On November 30, 1990, prior to our deciding this petition, Harris filed a "Motion to Remand to the District Court for an Evidentiary Hearing and Supporting Memorandum of law." This Motion is based upon the declarations of Abshire and Sonny Wisdom. Abshire's declaration states that after an initial conversation with Harris, "the police persuaded [him] to question Harris," and that he "agreed to talk to Harris further to ask him why he had killed the victims ... [and] was then placed in a holding cell with Harris and asked him why he killed the boys." The declaration also states that he was "coached" by investigators to make misstatements in a pretrial interview and while testifying during Harris's trial. It further states that the trial testimony of a police sergeant which corroborated Abshire's testimony did "not accurately state what Harris said during [Harris's] conversation [with Abshire]." The declaration of Wisdom states that he was in the same cell with Abshire and Harris, and is offered to support the statements made in Abshire's declaration.

Harris's claim that these declarations provide the evidentiary basis his latest habeas petition lacked. If proved true, Harris argues, they demonstrate violations of (1) Harris's constitutional right to counsel at state-initiated interrogations under *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), and *United States v. Henry*, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980), (2) Harris's rights under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), (3) the right to a trial free from state-initiated perjury under *Mooney v. Holohan*, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935), and (4) a penalty trial free from materially inaccurate information under *Johnson v. Mississippi*, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988). The Motion also asserts that this claim, as supported by the declarations, does not constitute an abuse of the writ because "the state has actively concealed the truth [about Abshire's role] from [Harris]."

We believe the presentation of these declarations require an evidentiary hearing on the Abshire claim and grant the Motion to Remand. We defer decision on the petition for rehearing pending our review of the district court's findings on remand. The district court is instructed to conduct a limited evidentiary hearing to determine whether the Abshire claim, supported now by the declarations of Abshire and Wisdom, warrant federal habeas relief.

The remand is limited to the receipt of evidence probative of the issues raised in the Motion to Remand and the government's Opposition. The district court shall make findings as to the admissibility, credibility, veracity, and materiality of such evidence. The court shall determine whether the failure to produce earlier the declarations supporting Harris's Motion constitutes an abuse of the writ of habeas corpus. The court shall further determine whether, in light of the existing record in this case and the evidentiary findings made pursuant to this order, Harris has shown this case warrants federal habeas relief.

Because of the extraordinary procedural posture of Harris's Motion, we believe immediate review by this court after the evidentiary hearing would materially advance the ultimate resolution of these proceedings. We accordingly stay any additional proceedings beyond those specified in this order and instruct the district court to certify its findings to this court for our review no later than sixty (60) days from the date of this order. *See Walker v. Lockhart*, 726 F.2d 1238, 1265 (8th Cir.1984); 28 U.S.C. § 1292(b).

NOONAN, Circuit Judge, dissenting:

In *Harris v. Vasquez*, 913 F.2d 606, 618 (9th Cir.1990) this court unanimously held as follows:

> Harris's claim that he was subjected to an unlawful interrogation was not raised in his prior federal habeas petitions. It was not presented to the California Supreme Court until March 16, 1990. Because this issue could have been raised in his previous collateral attacks on his state conviction in the federal court system, it is an abuse of the writ and a violation of Rule 9(b) for Harris to raise it in this third petition for federal habeas corpus relief.

There is no allegation in the affidavits supporting the petitioner's motion to remand that the state was responsible for keeping Daniel Harris, Joey Abshire or Sonny Wisdom from interrogation by counsel for Harris prior to 1990. There is no allegation in these affidavits that Daniel Harris was unavailable for questioning by counsel for Harris prior to 1990. There is no allegation that Sonny Wisdom was unavailable for questioning by counsel for Harris prior to 1990. There is no allegation that Joey Abshire was unavailable for questioning by counsel for Harris prior to 1990. There is no reason why the issue of Joey Abshire's role should be raised at this late date and no reason has been presented to depart from the law that is established. I dissent from the order.