**In the MATTER of the Fee Agreement of William G. SMITH In Case Number C 21 317 717.**

**No. 92–1276.**

United States Court of Veterans Appeals.

Argued Oct. 19, 1993.

Decided Nov. 18, 1993.

William G. Smith, pro se.

David W. Engel, Sp. Asst. to the Asst. Gen. Counsel, with whom Robert E. Coy, Acting Gen. Counsel, and Norman G. Cooper, Asst. Gen. Counsel, Washington, DC, were on the brief, for appellee.

Before FARLEY, HOLDAWAY and STEINBERG, Judges.

HOLDAWAY, Judge:

Appellant, attorney William G. Smith, appeals an October 6, 1992, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to attorney fees pursuant to 38 U.S.C.A. § 5904 (West 1991). Because the Notice of Disagreement (NOD) was filed prior to November 18, 1988 (or alternatively, because there has been no initial BVA decision on the disability rating question at issue), fees in excess of $10 were not permissible, and the Court will affirm the decision of the BVA.

**BACKGROUND**

The veteran, Kenneth Lewis, had active service from November 30, 1954, to November 28, 1958, and served on an active duty for training status from August 8, 1977, to Au-

gust 19, 1977; July 10, 1978, to July 25, 1978; and April 8, 1979, to April 20, 1979. On April 12, 1982, the veteran filed a claim of service connection for Parkinson's Disease, multiple disk space narrowing, and seborrheic dermatitis. On January 6, 1983, a Veterans' Administration (now the Department of Veterans Affairs) (VA) regional office (RO) denied his claim. Subsequently, the veteran filed an NOD on January 28, 1983. At a September 1983 personal hearing, the veteran withdrew the issue of service connection for Parkinson's Disease from his appeal.

In February 1984, the VARO informed the veteran that he had been granted a 10% disability rating for a service-connected neck injury with arthritis. On January 15, 1985, the veteran filed an NOD. A VA Form 1–9 (Appeal to the BVA) was filed on May 9, 1985. In his VA Form 1–9, the veteran stated that he had not withdrawn his claim of service connection for Parkinson's Disease during the September 1983 personal hearing. On August 20, 1986, appellant filed a VA Form 2–22a, Appointment of Attorney or Agent as Claimant's Representative, and appeared as the veteran's representative before a BVA traveling panel. On December 1, 1986, the BVA denied the veteran's claim of service connection for Parkinson's Disease.

On April 6, 1987, the veteran sought to reopen his claim of service connection for Parkinson's Disease. The VARO denied reopening in June 1987. In response, the veteran filed an NOD on July 31, 1987. In January 1988, the Board remanded the claim to the VARO for further development. On June 10, 1991, the BVA issued a reconsideration decision granting service connection for Parkinson's Disease, and apparently returned the claim for the VARO to assign a disability rating. On June 23, 1991, the VARO granted the veteran a minimum 30% disability rating for that disease and ordered an "at once examination" to determine an appropriate permanent rating. On August 24, 1991, the veteran, through appellant, submitted an expression of disagreement with the temporary minimum disability rating assigned by the VARO.

On August 26, 1991, the veteran entered into a fee agreement with appellant. The fee agreement provided that the veteran would pay appellant a $2,000 fixed-fee retainer in addition to a contingent fee of 20% of past due benefits. On November 25, 1991, the VARO granted the veteran a total disability rating. On May 25, 1992, appellant informed the Board that he waived any right to simultaneous payment of attorney fees, and wished to be paid only the 20% contingent fee, which in this case would have amounted to about $27,000. On October 6, 1992, the BVA denied eligibility for payment of attorney fees pursuant to the August 1991 fee agreement.

On October 13, 1992, appellant filed a petition for extraordinary relief in the form of a temporary injunction prohibiting the Secretary from paying 20% of past due benefits to the veteran, until the Court ruled on his appeal. On October 21, 1992, the Court granted appellant's petition. On October 22, 1992, appellant was informed by the VA that the undisputed 80% of past due benefits would be paid to the veteran.

## ANALYSIS

Prior to the enactment of the Veterans' Judicial Review Act (VJRA), Pub.L. No. 100–687, Div. A, 102 Stat. 4105 (1988), an attorney or agent was not allowed generally to charge a VA claimant more than $10 for representation before a VARO or the Board on a VA benefits claim. See 38 U.S.C.A. § 3404(c) (West 1982). In 1988, Congress amended the attorney fee statute, now 38 U.S.C.A. § 5904, to permit attorneys to charge a reasonable fee for services performed after an initial, final BVA decision. See VJRA, § 104(a), 102 Stat. at 4108 (found at 38 U.S.C.A. § 5904(c) (West 1991)). Additionally, in § 403 of the VJRA, Congress provided:

> The amendment to section 5904(c) of title 38, United States Code, made by section 104(a) shall apply only with respect to services of agents and attorneys in cases in which a notice of disagreement is filed with the Veterans' Administration on or after the date of the enactment of this division [November 18, 1988].

VJRA, § 403, 102 Stat. at 4122 (found at 38 U.S.C.A. § 5904 note (West 1991)). Recently, the Court defined what constituted a valid

NOD within the meaning of the VJRA. In *Hamilton v. Brown,* 4 Vet.App. 528 (1993) (en banc), the Court held:

> There can be only one valid NOD as to a particular claim, extending to all subsequent RO and BVA adjudications on the same claim until a *final* RO or BVA decision has been rendered in that matter, or the appeal has been withdrawn by the claimant.... [W]here the BVA remands to an RO for further development and readjudication a claim previously decided by the RO and properly appealed to the BVA ... an expression of disagreement with a subsequent RO readjudication on remand cannot be an NOD.

*Id.* at 538 (emphasis in original).

In the present case, the NOD was filed prior to November 18, 1988. The June 10, 1991, BVA decision granting service connection as well as the VARO's November 25, 1991, decision awarding a total disability rating were part and parcel of the claim as to which the NOD was filed on July 31, 1987. Thereafter, appellant continued to perform legal services for the veteran, which included submitting an August 1991 expression of disagreement with the VARO's ensuing assignment of a temporary 30% disability rating. The Court's holding in *Hamilton* and VJRA § 403 preclude payment of attorney fees since the NOD pertaining to that particular claim was filed prior to November 18, 1988. Even if appellant were correct in asserting that the assignment of a disability rating by the VARO following the BVA's award of service connection initially denied by the VARO is action taken pursuant to a separate claim, which it is not, he still would not be entitled to attorney fees under § 5904(c)(1) because the BVA has not issued a final decision on that matter. On either ground, attorney fees are not permitted in this case.

The Court is somewhat troubled by the result because Mr. Smith provided exemplary representation in this matter, and did so in good faith at a time prior to the Court's ruling in *Hamilton, supra,* that there could be only one NOD pertaining to a claim. However, the Court is bound by the clear expression of Congress which liberalized fee payments to attorneys only for cases in which an NOD was filed on or after November 18, 1988. The Court has no choice but to deny appellant entitlement to attorney fees.

The October 6, 1992, decision of the Board is **AFFIRMED,** and the October 21, 1992, injunction is dissolved.