**Ronald Lee VETTESE, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–1297.**

United States Court of Veterans Appeals.

Argued July 7, 1994.

Decided Sept. 9, 1994.

As Amended Sept. 16, 1994.

32

Stephanie Forester, Washington, DC, with whom Ruth E. Eisenberg was on the brief, for appellant.

Mary Ann Flynn, with whom Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, and Pamela L. Wood, Deputy Asst. Gen. Counsel, were on the brief, for appellee.

Before MANKIN, HOLDAWAY, and IVERS, Judges.

HOLDAWAY, Judge:

The appellant, Ronald L. Vettese, appeals a June 24, 1992, decision of the Board of

Veterans' Appeals (BVA or Board) which denied service connection for tinnitus, an increased disability rating for post-traumatic stress disorder (PTSD), currently rated 50% disabling, and a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities. The appellant is appealing only those portions of the BVA's decision regarding an increased disability rating for PTSD and its denial of a TDIU rating. The Court will dismiss the appellant's claim for an increased disability rating for lack of jurisdiction, and reverse the Board's denial of a TDIU rating.

## I. FACTS

The appellant, a Vietnam veteran, had active service from June 1967 to July 1970. From December 5, 1984, to February 14, 1985, the appellant was hospitalized at the Ann Arbor VA Medical Center (MC). He was initially admitted for treatment of alcoholism, but was later transferred to the psychiatric unit where he was diagnosed with PTSD. In May 1985, the appellant was hospitalized again after an apparent suicide attempt.

In 1985, the appellant began counseling with Dr. Olen, a private psychiatrist, and Leigh Brewster, a private clinical social worker. In October 1985, he was evaluated by Dr. Chamberlain, a VA psychiatrist. Dr. Olen determined that the appellant was suffering from PTSD due to his experiences in Vietnam. He further stated that the appellant did have some preexisting personality problems, but that they had been magnified by the appellant's combat experiences. Both Dr. Chamberlain and Ms. Brewster opined that the appellant was not capable of employment due to the severity of his PTSD.

Throughout 1987 and 1988, the appellant continued to receive outpatient treatment from the Ann Arbor VAMC. In February 1988, he was admitted to the Ann Arbor VAMC for evaluation of his psychiatric disabilities. Both examining psychiatrists diagnosed him with PTSD, and recommended that he be admitted to a PTSD treatment center for long-term care.

In an April 1988 rating decision, the regional office (RO) granted the appellant ser-vice connection for PTSD, and assigned him a 30% disability rating. In May 1988, the appellant submitted a letter disagreeing with the RO's decision stating, "I should have been granted a much higher rating. . . ." In July 1988, he submitted a VA Form 1–9 (Appeal to the Board). In April 1989, the Board remanded the appellant's claim to obtain another psychiatric examination. In June 1989, Dr. Lilly, a VA psychiatrist, diagnosed the appellant with PTSD, and a non-service-connected personality disorder. Dr. Lilly assessed the appellant's social adjustment as moderately impaired, and his vocational adjustment as severely impaired. On March 1, 1990, the Board granted the appellant a 50% disability rating for PTSD. There is nothing in the record to indicate that the appellant ever asked for reconsideration of this decision.

In April 1990, the appellant submitted a claim for a TDIU rating due to his service-connected PTSD. He neither disputed the 50% rating in this new claim nor asked for a higher rating based on evidence of "worsening" of his condition. In May 1990, the RO denied the TDIU claim. The RO did leave the 50% disability rating in effect even though there had been no claim for an increase. In June 1990, the appellant filed a Notice of Disagreement (NOD) with the RO's decision to "deny me [service connection for] . . . tinnitus[,] and individual unemployability." He expressed no disagreement with the RO's decision as to the disability rating for PTSD. In July 1990, he filed a VA Form 1–9 (Appeal to the Board) listing the issues on appeal as entitlement to individual unemployability and service connection for tinnitus. In June 1991, Dr. Valenstein, a VA psychiatrist, submitted a statement in which she opined that the appellant suffered from both PTSD and a non-service-connected schizoaffective disorder. She further described him as being severely impaired by both disabilities and unable to sustain any gainful activity. That same month Dr. McMillan, a private psychotherapist, described the appellant as barely functioning in society.

On August 12, 1991, the Board remanded the appellant's claim to the RO for the appellant to obtain another psychiatric examina-

tion to determine the degree of impairment due to his service-connected PTSD. In September 1991, a VA social worker concluded that "this veteran would find it extremely difficult to work unless it were something he were to do in the home, by himself." That same month Dr. Dorsey, a VA psychiatrist, determined that the appellant was equally disabled by PTSD and a schizoaffective disorder. A Statement of the Case (SOC) was furnished in November 1991. The SOC reflected that in May 1990 the RO had denied the appellant's claim for a TDIU rating, and had sua sponte determined that the appellant was not entitled to an increased disability rating for PTSD.

In November 1991, Dr. Valenstein submitted another statement in which she opined that the appellant was totally disabled from his psychiatric disorders and was not capable of industrial employment. On June 24, 1992, the Board determined that the appellant was not entitled to an increased disability rating for his PTSD, and that the appellant was not entitled to a TDIU rating as his service-connected disabilities were not profoundly disabling.

## II.  ANALYSIS

### A.  Increased Evaluation for PTSD

■ As an initial matter, the Court must determine whether it has jurisdiction over the Board's decision to deny the appellant an increased disability rating for his service-connected PTSD. This Court's jurisdiction derives exclusively from the statutory grant of authority provided by Congress and the Court may not extend its jurisdiction beyond that permitted by law. *See Prenzler v. Derwinski*, 928 F.2d 392 (Fed.Cir.1991). As established by the Veterans' Judicial Review Act (VJRA), Pub.L. No. 100–687 § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C.A. § 7251 note), this Court has jurisdiction only over cases in which an NOD was filed on or after November 18, 1988. The Court has previously held that:

> There can be only one valid NOD as to a particular claim, extending to all subsequent RO and BVA adjudications on the same claim until a *final* RO or BVA deci-

sion has been rendered in that matter, or the appeal has been withdrawn by the claimant.... [W]here the BVA remands to an RO for further development and readjudication a claim previously decided by the RO and properly appealed to the BVA ..., an expression of disagreement with a subsequent RO readjudication on remand cannot be an NOD.

*Hamilton v. Brown*, 4 Vet.App. 528, 538 (1993) (en banc) (emphasis in original).

The RO granted the appellant a 30% disability rating for PTSD in April 1988. An NOD was submitted in May 1988. In March 1990, the Board granted the appellant a 50% disability rating. The appellant had not asked for a specific rating in his appeal to the BVA, but merely appealed on the ground that the 30% rating was insufficient. Moreover, he did not seek reconsideration of the Board's decision upgrading his rating. The May 1990 rating decision continued and implemented the 50% disability rating, and was part and parcel of the same claim. The appellant expressed no disagreement with the RO's sua sponte decision to continue the 50% disability rating. *See In the Matter of the Fee Agreement of William G. Smith in Case Number C 21 317 717*, 6 Vet.App. 25, 27 (1993).

■ The appellant acknowledges that his NOD as to his PTSD claim was filed prior to November 18, 1988, but seeks to avoid the effect of *Hamilton* by alleging that his subsequent, separate, and distinct claim for TDIU is inextricably intertwined with and implies a claim for a higher disability rating for PTSD. That contention is odd in light of the fact that in the TDIU claim the appellant in no way, implicitly or explicitly, linked the putatively "low" rating for his PTSD claim to the TDIU claim. Nor did he, in his June 1990 NOD or July 1990 appeal of the denial of his TDIU claim, ask for reconsideration of the prior decision as to the disability rating given for PTSD. A claim for a TDIU rating is determinative as to whether a claimant is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities whatever the rating assigned that disability. *See* 38 C.F.R. § 4.16(a) (1993). A claim for TDIU presup-

poses that the rating for the condition is less than 100%, and only asks for TDIU because of "subjective" factors that the "objective" rating does not consider. The TDIU decision and the precise percentage rating are, therefore, *not* necessarily intertwined. They certainly are not under the facts of this case where the appellant eschewed appeal of the rating decision and immediately filed a new claim for TDIU that neither asked for a higher rating or otherwise questioned that now final rating decision. However, even if the appellant's PTSD claim were connected with his claim for a TDIU rating, the Court still would not have appellate jurisdiction over the PTSD claim. The NOD with respect to the only claim the appellant made for PTSD was filed prior to November 18, 1988, and is not jurisdictionally valid. Congress has limited the jurisdiction of this Court to cases in which an NOD was filed on or after November 18, 1988. There is no provision in the VJRA which would confer on this Court appellate jurisdiction over a claim with an NOD prior to November 18, 1988, simply because it was associated with another claim over which the Court had appellate jurisdiction. If, for example, a veteran had a 1946 rating that he was now claiming entitled him to TDIU, would he seriously contend, in the absence of "new and material" evidence or "clear and unmistakable error," that this Court had appellate jurisdiction over the 1946 adjudication? Of course not. This Court cannot and will not by judicial legerdemain create jurisdiction for itself over any claim with an NOD prior to November 18, 1988.

### B. TDIU Rating

The Court reviews BVA factual findings under the "clearly erroneous" standard. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53 (1990); 38 U.S.C. § 7261(a)(4). The Court "must set aside a finding of material fact as clearly erroneous when the Court is left with a definite and firm conviction ... that a mistake has been committed." *Brown (Mitchell) v. Brown*, 4 Vet.App. 307, 309 (1993); *see Harder v. Brown*, 5 Vet.App. 183, 189 (1993); *Hanson v. Derwinski*, 1 Vet.App. 512, 518–19 (1991). The Court may reach this conclusion only if there is no " 'plausible basis' in the record" for the BVA findings at issue. *Gilbert*, 1 Vet.App. at 52–53; *see Moore v. Derwinski*, 1 Vet.App. 356, 358 (1991).

All of the mental health professionals who have evaluated the appellant agree that he is having difficulty functioning in society and is not capable of employment. Although the appellant is suffering from a non-service-connected schizoaffective disorder in addition to his service-connected PTSD, there is evidence in the record that the appellant is completely disabled by his service-connected PTSD alone. Indeed, the record is replete with opinions regarding the severity of the appellant's service-connected PTSD. Several of the mental health professionals have opined that the appellant is not capable of employment due to the severity of his service-connected PTSD. Moreover, the appellant has been hospitalized on numerous occasions due to PTSD, and it was recommended that he seek long-term care at a PTSD treatment center. The only evidence relied on by the Secretary that does not support the appellant's claim is the opinion of Dr. Dorsey, who stated that the appellant was equally affected by his service-connected PTSD and his non-service-connected schizoaffective disorder. However, Dr. Dorsey did not state that the appellant would have been capable of employment if he did not suffer from a non-service-connected psychiatric disorder. Given the numerous psychiatric opinions in favor of the appellant's claim, and the lack of any evidence to the contrary, the Court holds that there is not a plausible basis for the Board's decision. *See* 38 C.F.R. §§ 3.340, 3.341, 4.16 (1993). In this case, reversal, not remand, is the appropriate remedy. *See Beaty v. Brown*, 6 Vet.App. 532, 538. (1994); *Traut v. Brown*, 6 Vet.App. 495, 498–500 (1994).

### III. CONCLUSION

The appellant's appeal with regard to the issue of an increased disability rating for PTSD is DISMISSED for lack of jurisdiction. The decision of the BVA denying a TDIU rating is REVERSED and the matter REMANDED with directions to assign a

total disability rating based on unemployability.