**In the Matter of the Fee Agreement of Hugh D. COX, in Case No. 244 70 2756.**

**No. 95–1068.**

United States Court of Veterans Appeals.

Jan. 9, 1997.

Before NEBEKER, Chief Judge, and FARLEY and STEINBERG, Judges.

**ORDER**

PER CURIAM.

Presently before the Court is the October 27, 1995, petition for an order directing the Secretary to issue a final Board of Veterans' Appeals (BVA or Board) decision on the petitioner's claim to entitlement—pursuant to 38 U.S.C. § 5904(d) and a valid fee agreement—to payment of 20% of the Department of Veterans Affairs (VA) past-due benefits awarded to the petitioner's client, which the petitioner alleges the Secretary wrongfully failed to withhold. The Court has a two-fold concern about its jurisdiction to reach the merits of the petition.

First, it appears from the petitioner's October 1995 filing that he has already recovered from his client more than one-half of the fee he asserts that the Secretary wrongfully failed to withhold. The petitioner's November 1996 reply does not address the question of whether he has received additional payments from his client that might moot the present claim. *See Aronson v. Brown*, 7 Vet.App. 153, 155 (1994) (Court has adopted case-or-controversy jurisdictional requirements imposed by Article III of U.S. Constitution); *Bond v. Derwinski*, 2 Vet.App. 376,

377 (1992) ("[w]hen there is no case or controversy, or when a once live case becomes moot, the Court lacks jurisdiction"); *Mokal v. Derwinski*, 1 Vet.App. 12, 15 (1990) (Court dismissed portion of petition seeking mandamus relief because controversy surrounding petition was moot).

Second, the Court's jurisdiction to issue the order sought by the petitioner may depend on whether the Court would have jurisdiction to review the final BVA decision that would issue pursuant to that order. *See Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 25, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943) ("As the jurisdiction of the circuit court of appeals is exclusively appellate, its authority to issue writs of mandamus is restricted by statute to those cases in which the writ is in aid of that jurisdiction. Its authority is not confined to the issuance of writs in aid of jurisdiction already acquired by appeal but extends to those cases which are within its appellate jurisdiction although no appeal has been perfected."). This Court has jurisdiction to review only those final BVA benefits decisions prior to which a Notice of Disagreement (NOD) was filed on or after November 18, 1988, as to an underlying decision of a VA regional office or other agency of original jurisdiction. *See* Veterans' Judicial Review Act, Pub.L. No. 100–687 § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note); *Holland v. Brown*, 9 Vet.App. 324, 327 (1996). The Court in *In the Matter of Fee Agreement of Smith*, 6 Vet.App. 25, 26–27 (1993), affirmed a BVA decision reviewing a fee agreement and denying entitlement to attorney fees where there was no jurisdiction-conferring NOD as to the BVA decision on the veteran's underlying claim; however, although that opinion makes plain that a valid NOD as to the underlying claim is necessary, the Court has never determined whether a valid NOD as to the underlying claim is sufficient, whether an NOD as to RO action on the fee-agreement claim itself would confer jurisdiction upon this Court, or whether an expression of disagreement to the BVA or the Secretary as to an unfavorable BVA action (that is, the BVA Deputy Vice–Chairman's refusal to issue a decision on the petitioner's claim for entitlement to

the 20% payment) might be an NOD on the ground that the Board was acting as an agency of original jurisdiction as to this matter.

Upon consideration of the record and the submissions of the parties, the Court is of the opinion that further information is necessary before it will act upon the petitioner's petition or the Secretary's January 24, 1996, motion to dismiss it. Accordingly, it is

ORDERED that the petitioner, within 30 days after the date of this order, file with the Court, and serve on the Secretary, a memorandum (1) advising the Court whether payments received from his client, or an agreement to pay the balance due, have mooted this case and (2) addressing, in light of the considerations noted above, whether there is a jurisdiction-conferring NOD that would underlie a final BVA decision, and include with the memorandum, as a preliminary record, copies of any relevant documents not already before the Court that might serve as a jurisdiction-conferring NOD. It is further

ORDERED that, within 30 days after the petitioner's response is filed, the Secretary file, and serve on the petitioner, a memorandum in reply, and may similarly include with his memorandum, as a supplement to any preliminary record filed by the petitioner, copies of any relevant documents that might serve as a jurisdiction-conferring NOD.