**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALVARO QUEZADA,
             *Petitioner-Appellant,*

v.

A. K. SCRIBNER,
             *Respondent-Appellee.*

No. 08-55310

D.C. No.
CV-04-07532-
RSWL-MLG

ORDER

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Argued and Submitted
June 10, 2010—Pasadena, California

Filed July 16, 2010

Before: Dorothy W. Nelson and Ronald M. Gould,
Circuit Judges, and James S. Gwin, District Judge.*

**COUNSEL**

Argued by Karyn H. Bucur, Esq., Laguna Hills, California,
for petitioner-appellant Alvaro Quezada.

Argued by Colleen Tiedemann, Deputy Attorney General,
Los Angeles, California, for respondent-appellee A.K. Scrib-
ner. Stephanie A. Miyoshi, Deputy Attorney General, filed the
briefs.

*The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

## **ORDER**

On July 27, 2007, Alvaro Quezada[1] filed a first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This amended petition included a claim that the government withheld evidence of compensation paid to a government witness in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). On November 20, 2007, the district court adopted the Report and Recommendation of the Magistrate Judge and denied Quezada's First Amended Petition, stating:

> Petitioner has provided no factual basis to support his accusations, instead relying primarily on a the [sic] Los Angeles County grand jury report from 1990. . . . Petitioner argues that "the circumstances of Mr. Aflague's sudden appearance, his refusal to discuss other cases and the benefits he may have received from those cases, viewed in light of the transcripts of his prior testimony, place him squarely within the description of the corrupt and misleading informant system described in that report."

> Petitioner's argument is based on nothing more than conjecture and speculation. . . . Petitioner . . . fails to provide any support for his contention that "Aflague clearly received substantial benefits for his cooperation with police," beyond the bald assertion that Aflague's "allegedly 'free'" testimony was "highly suspect."

Quezada filed a timely appeal.

On November 12, 2009, after the parties filed their briefs, Quezada filed a motion to remand based on newly discovered

---

[1]The record indicates disagreement about whether the Petitioner's last name is spelled "Quezada" or "Quesada." In conformity with the judgment of the district court, we refer to Petitioner as "Quezada."

evidence. At a November 2, 1999 hearing, Quezada requested information about the compensation paid to Joseph Aflague, a government witness in his state murder and conspiracy trial. The government informed him that Aflague received relocation expenses in one other case, and no payment in this case. Quezada now claims to have discovered evidence in the spring of 2009 that Aflague received substantial compensation and that none of it was related to the other case. Quezada seeks a remand so the district court can consider whether the prosecution violated *Brady* by withholding and misrepresenting evidence of compensation which could have been used to impeach Aflague, a key government witness.

In *Townsend v. Sain*, the Supreme Court identified six circumstances in which a federal court must grant an evidentiary hearing to a habeas applicant. 372 U.S. 293, 313 (1963) (holding that the federal court must grant an evidentiary hearing where "(4) there is a substantial allegation of newly discovered evidence"), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). "Assuming that the petitioner has not failed to develop his claim and can meet one of the *Townsend* factors, '[a]n evidentiary hearing on a habeas corpus petition is required whenever petitioner's allegations, if proved, would entitle him to relief.' " *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2005) (citing *Turner v. Marshall*, 63 F.3d 807, 815 (9th Cir. 1995)).

To prevail, Quezada must make a substantial allegation of newly discovered evidence, and he must allege facts that, if proven, would entitle him to relief. *Townsend*, 372 U.S. 312-13. He has. Quezada presents evidence that could not have been discovered earlier through the exercise of reasonable diligence. Before trial, Quezada requested information about the financial remuneration that Aflague received from the government. Around that time, Aflague was cooperating with the prosecution in two other cases. He testified in December 1997 in *People v. Padilla* (Case No. BA 142910) and in May 1998 in *People v. Eulloqui* (Case No. BA

160668). Quezada's counsel interviewed Aflague and asked him about his relationship with the police department and the money he received as a result of his testimony in this and other cases. Aflague refused to answer. Quezada's counsel then asked the court for assistance obtaining this information. The California Superior Court directed the prosecutor to find out anything about Aflague's relationship or ongoing contact with law enforcement, and indicated that any rewards, support, or benefits might be relevant, "to the extent Mr. Aflague might feel he is generating support or building up future brownie points."

The prosecutor represented to the court that Aflague received no benefits for his testimony in this case, and relocation assistance for his testimony in the *Eulloqui* case. Aflague testified that no one promised him anything for his testimony in this case, and that he got "something" from the district attorney's office to relocate because of his testimony in a separate case.

Quezada now sets forth substantial allegations of newly discovered facts pursuant to *Townsend*. 372 U.S. at 313. Quezada presents evidence that Aflague reported that from 1997 to 2007 he received between $9,000 and $25,000 for his cooperation with law enforcement. In a December 11, 2008, declaration, Aflague stated that, contrary to what was previously represented to the court, the relocation funds and compensation he received were *not* for his testimony in the *Eulloqui* case. He also indicated that he lied about his compensation while testifying in another case in 2007, because he was angry and frustrated with the defense attorney in that case. This satisfies the fourth prong of *Townsend*. *See id*.

"In habeas proceedings, an evidentiary hearing is required when the petitioner's allegations, if proven, would establish the right to relief." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). The evidence allegedly withheld by the state in this case is favorable impeachment evidence involving a key

government witness. The evidence indicates that the government never informed Quezada or his counsel of substantial compensation that the government paid to Aflague, the only witness that linked Quezada directly to the murder of Bruce Cleland. Quezada has set forth a colorable claim that this evidence "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Banks v. Dretke*, 540 U.S. 668, 698 (2004) (quoting *Kyles v. Whitley*, 514 U.S. 419, 435 (1995)). The evidence also indicates that this witness, Joseph Aflague, has previously perjured himself, in this case or another case, regarding the compensation that he received from the government. "Evidence of bias and prejudice is certainly material for impeachment, but lies under oath to conceal bias and prejudice raise the impeachment evidence to such a level that it is difficult to imagine anything of greater magnitude that would undermine confidence in the outcome of any trial." *Bagley v. Lumpkin*, 798 F.2d 1297, 1301 (9th Cir. 1986).

The government does not at this point deny Quezada's allegations, but instead asserts that remand is inappropriate because Quezada's *Brady* claim is procedurally barred. The government argues that Quezada must seek leave to file a successive habeas petition. There is no support for this contention. *Townsend* mandates an evidentiary hearing. *See* 372 U.S. at 313. Additionally, the government argues that Quezada's claim is time-barred. But AEDPA's one-year limitation does not run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). As discussed above, Quezada requested compensation information from the court, from the government and from Aflague. Quezada's attempts to acquire this information were repeatedly rebuffed by silence on the part of the informant, or an outright denial of the existence of missing compensation information by the government. On December 11, 2008, Aflague changed his testimony. Quezada discovered this in the spring of 2009. On the record before us it is clear that

Quezada did exercise reasonable diligence yet was unable to acquire this information earlier. Thus, AEDPA's statute of limitations does not present a bar to the district court's consideration of this newly discovered evidence on remand.

We therefore remand to the district court with instructions to conduct an evidentiary hearing to determine the admissibility, credibility, veracity and materiality of the newly discovered evidence. *See Harris v. Vasquez*, 928 F.2d 891, 893 (9th Cir. 1991) (order). After conducting an evidentiary hearing, the district court will be in an appropriate position to determine whether the new facts render Quezada's *Brady* claim unexhausted. The district court should determine whether the new facts "fundamentally alter the legal claim already considered by the state courts." *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986).

If the district court concludes that the new facts render Quezada's *Brady* claim unexhausted, the district court should consider whether Quezada is procedurally barred from proceeding in state court. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Loveland v. Hatcher*, 231 F.3d 640, 643-44 (9th Cir. 2000). If Quezada is not procedurally barred, the court should stay and abey federal proceedings so that Quezada may exhaust his claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). If Quezada's claim is procedurally barred, the district court should proceed to determine whether Quezada can show cause and prejudice or manifest injustice to permit federal review of the claim. *Strickler v. Greene*, 527 U.S. 263, 282 (1999).

**REMANDED.**