**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ALVARO QUEZADA, | No. 13-55750 |
| Petitioner - Appellant, | D.C. No. 2:04-cv-07532-RSWL-MLG |
| v. | |
| ALBERT K. SCRIBNER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Argued and Submitted March 4, 2015
Pasadena, California

Before: REINHARDT, N.R. SMITH, and HURWITZ, Circuit Judges.

1.      Alvaro Quezada first appealed his *Brady* and *Napue* claims to this
court in 2008.  Shortly after the parties filed their briefs in that appeal, Quezada
filed a motion to remand based on newly discovered evidence.  This court granted
Quezada's motion and remanded the case to the district court "with instructions to

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

conduct an evidentiary hearing" and "to determine whether the new facts render[ed] Quezada's *Brady* claim unexhausted." *Quezada v. Scribner*, 611 F.3d 1165, 1168 (9th Cir. 2010). Further, this court instructed that "[i]f the district court concludes that the new facts render Quezada's *Brady* claim unexhausted, the district court should consider whether[, in light of the new facts,] Quezada is procedurally barred from proceeding in state court." *Id.* If the district court concluded that, under California law, Quezada was not procedurally barred, "the court [was to] stay and abey federal proceedings so that Quezada may exhaust his claims in state court." *Id.* Only if the district court determined that Quezada's claims were exhausted and clearly barred by California law was the district court to determine whether Quezada could demonstrate cause and prejudice or manifest injustice to permit federal review of his claims. *Id.*

The magistrate judge (whose recommendations and findings the district court adopted) provided substantial analysis concerning Quezada's ability to demonstrate cause and prejudice to allow federal review of his claims, but did not address the preliminary issues of whether Quezada's claims were exhausted or procedurally barred in light of the newly discovered evidence.

We are mindful that "[w]here a federal habeas petitioner presents newly discovered evidence or other evidence not before the state courts such as to place

2

the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it, the state courts must be given an opportunity to consider the evidence." *Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988) (quoting *Dispensa v. Lynaugh*, 826 F.2d 375, 377 (5th Cir. 1987)). Further, "a federal court may deny an unexhausted petition on the merits *only* when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (emphasis added). The district court found that Quezada had shown cause for his failure to present the newly discovered evidence to the state court, indicating that Quezada had, at a minimum, presented a colorable claim.

With this precedent in mind, we remand this case to the district court and echo the instructions of our 2010 decision. On remand, we request that the district court first determine whether the new evidence discovered during the district court's evidentiary hearing renders Quezada's claims unexhausted. *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999), *Aiken*, 841 F.2d at 883. If the district court concludes that the claims are not exhausted, we then request that the district court determine whether, under California law, Quezada's claims are clearly procedurally barred. *See Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002). When determining whether Quezada's claims are clearly procedurally

barred, the district court must determine whether, in light of the new evidence, the state court would clearly consider the claim barred under its procedural rules. *See Harris v. Reed*, 489 U.S. 255, 263 & n.9 (1989). If it is not clear what the state court would do, the district court should stay and abey federal proceedings so that Quezada may present his claims to the state court. *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005).

2. In addition to his *Brady* and *Napue* claims, Quezada claims that the state trial court improperly excluded a co-defendant's out-of-court statement in violation of *Chambers v. Mississippi*, 410 U.S. 284 (1973). The trial court excluded the statement (made to the co-defendant's cellmate) as hearsay that did not meet the declarations against interest exception in Cal. Evid. Code § 1230. The California Court of Appeal addressed this claim on the merits and concluded that the district court had not abused its discretion in excluding the statement. The Court of Appeal reasoned that "only those portions of the declarant's statements that are actually against his or her penal interest are admissible." Reviewing the California Court of Appeal's decision under the Antiterrorism and Effective Death Penalty Act standard in 28 U.S.C. § 2254(d), we conclude that the California Court of Appeal's decision was not an unreasonable application of clearly established Federal law or an unreasonable determination of the facts. *See Williamson v.*

4

*United States*, 512 U.S. 594, 600-01 (1994) (holding that the statement against interest exception in Federal Rule of Evidence 804(b)(3) "does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory.").

3.    On appeal, Quezada also raised the uncertified issue that the cumulative effect of his alleged errors rendered his trial fundamentally unfair. While we have the authority to expand the certificate of appealablity, *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (per curiam), we decline to do so at this time. In light of our remand of Quezada's *Brady* and *Napue* claims, a decision concerning Quezada's uncertified issue is premature.

4.  We also deny Quezada's request for judicial notice, without prejudice, as the motion is rendered moot by this disposition.

**REMANDED.**