**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEMETRIUS FRANKLIN, | No. 18-56145 |
| Petitioner-Appellant, | D.C. No. 2:17-cv-04281-DSF-JC |
| v. | |
| RAYMOND MADDEN, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted December 8, 2020
Pasadena, California

Before: THOMAS, Chief Judge, O'SCANNLAIN, Circuit Judge, and EZRA,[**] District Judge.
Partial Concurrence and Partial Dissent by Judge O'SCANNLAIN

Demetrius Franklin appeals the district court's adoption of the Magistrate

Judge's report and recommendation to dismiss his habeas corpus petition as

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

untimely.  We entered a certificate of appealability pursuant to 28 U.S.C. §
2253(c)(3).  *See Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000).  We
have jurisdiction under 28 U.S.C. § 1291 and review the district court's decision de
novo.  *Stewart v. Cate*, 757 F.3d 929, 934 (9th Cir. 2014).  We affirm in part and
reverse in part.  Because the parties are familiar with the facts of the case, we need
not recount them here.

1.    The district court erred in concluding that the statute of limitations
had run on Franklin's habeas petition.  Under the Antiterrorism and Effective
Death Penalty Act ("AEDPA"), the one-year statute of limitations for a federal
habeas petition runs from, as relevant here, "the date on which the factual predicate
of the claim or claims presented could have been discovered through the exercise
of due diligence."  28 U.S.C. § 2244(d)(1)(D).  "Due diligence does not require the
maximum feasible diligence, but it does require reasonable diligence in the
circumstances."  *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (internal
quotation marks and citations omitted).  Here, the statute of limitations was
triggered when the letter requesting that Shanti Day receive leniency for her
testimony in Franklin's case was unsealed on April 1, 2016.  Given the trial
prosecutor's express assurances that Day had received no leniency, reasonable
diligence did not require Franklin's attorney to investigate further into the letter's
existence during trial. *Cf. Quezada v. Scribner*, 611 F.3d 1165, 1167–68 (9th Cir.

2010). The statute of limitations was triggered by the unsealing of the letter, the factual predicate for Franklin's claim under *Brady v. Maryland*, 373 U.S. 83 (1963), on April 1, 2016 and expired one year later on April 1, 2017.

The district court also erred in denying Franklin equitable tolling for the period after the statute of limitations expired on April 1, 2017 and before he filed his habeas petition on June 8, 2017. A petitioner is entitled to equitable tolling only if he demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citations omitted). The California Innocence Project repeatedly indicated that it would be filing a habeas petition on Franklin's behalf. The CIP intern stated in one letter that "[i]f my supervisors believe that this is suitable for *Brady* material (which I believe it will), they will begin drafting a habeas petition for you." In another letter, she wrote "I believe one of the attorneys at my office is going to come with me [to meet with you] so that we can start to build your case," and

referred to motions to be filed "[b]efore the habeas process is complete."[1] Such affirmative representations coupled with the CIP's effective abandonment two weeks before the statute of limitations ran qualifies as an extraordinary circumstance. *See Luna v. Kernan*, 784 F.3d 640, 647 (9th Cir. 2015) ("[A]ffirmatively misleading a petitioner to believe that a timely petition has been or will soon be filed can constitute egregious professional misconduct . . . ."). Franklin has demonstrated that he pursued his rights diligently during this period by hiring new counsel and submitting state and federal habeas petitions quickly.

    2.    The district court correctly rejected Franklin's alternative argument that he qualified for the actual innocence exception to the statute of limitations. This exception only applies to "cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]'" in light of the new evidence. *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (alteration in original) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). We agree with the district court that the credibility issues and layers of hearsay in

---

[1] The context of the letter indicates that the phrase "start to build your case," refers to Franklin's habeas case, not his actual innocence case. Although the letter is undated, it was most likely sent after April 1, 2016, the date of the hearing on the motion to open the sealed document, because it refers to an attached copy of the letter. At that point, the CIP had been developing Franklin's actual innocence case for over three and a half years, but had only just discovered the factual predicate for his *Brady* claim, the basis of his habeas petition. The context demonstrates that the term "case" referred to Franklin's habeas petition.

Franklin's proffered evidence of Shanti Day's recantation is insufficient to pass through the *Schlup* gateway, especially since recantation evidence is already viewed with suspicion. *See Jones v. Taylor*, 763 F.3d 1242, 1248 (9th Cir. 2014) ("Recanting testimony is easy to find but difficult to confirm or refute . . . ." (quoting *Carriger v. Stewart*, 132 F.3d 463, 483 (9th Cir. 1997) (en banc) (Kozinski, J., dissenting))). Because Franklin did not properly present his request for an evidentiary hearing on this issue to the district court, we consider that argument waived. *See United States v. Robertson*, 52 F.3d 789, 791 (9th Cir.1994) ("Issues not presented to the district court cannot generally be raised for the first time on appeal.").

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**

*Franklin v. Madden*, 18-56145

O'SCANNLAIN, Circuit Judge, concurring in part and dissenting in part:

I concur in Part 2 of the Memorandum, which affirms the district court's rejection of Franklin's alternative argument that he qualified for the actual-innocence exception to the statute of limitations.

However, I respectfully dissent from Part 1. Under the normal operation of the Antiterrorism and Effective Death Penalty Act, the last date for Franklin to file a federal habeas petition was April 13, 2000, one year after his conviction became final. 28 U.S.C. § 2244(d)(1)(A). I would hold that the statute of limitations indeed expired on such date, and accordingly, that Franklin's 2017 habeas petition was time-barred.

First, Franklin is not entitled to delayed commencement of the statute of limitations under the delayed-discovery provision at 28 U.S.C. § 2244(d)(1)(D). Under such provision, the statute of limitations is triggered when the factual predicate "'*could have been discovered* though the exercise of due diligence,' *not* when it actually was discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (quoting § 2244(d)(1)(D)) (emphasis added). Here, the district court properly found that Franklin could—and should—have been aware of the factual predicate for his *Brady* claim long before the California Innocence Project ("CIP")

1

received the Mauro letter, and even before his conviction became final. At the May 1997 hearings on Franklin's motion for a new trial, prosecutors acknowledged in open court that Day had been allowed to plead down from a felony to a misdemeanor. At such time, Franklin's own counsel expressed his suspicion that the leniency afforded to Day may have been the result of a "deal" in exchange for her testimony against Franklin. For Franklin's counsel, "due diligence" would have entailed acting upon the suspicion he had expressed. It also would have entailed simply investigating the docket in Day's case, where a May 2, 1997, Minute Order referred to the existence of the Mauro letter.

Second, Franklin is not entitled to equitable tolling for the period while the CIP was investigating his actual-innocence claim. Contrary to the majority disposition, CIP never "affirmatively misle[d] [Franklin] to believe that a timely petition ha[d] been or w[ould] soon be filed" on his behalf. *Cf. Luna v. Kernan*, 784 F.3d 640, 647 (9th Cir. 2015). Rather, as the district court accurately noted, CIP accepted Franklin's case *only* "to investigate his claim of actual innocence." Franklin's best evidence to the contrary is a letter he received from a CIP intern, stating that "*[i]f* my supervisors believe that [the not-yet-unsealed letter requesting leniency for Day] is suitable for *Brady* material (which I believe it [*sic*] will), [*then*] they will begin drafting a habeas petition for you." The relevant statement

2

from the CIP intern was expressly *conditional* in its language; the relevant condition pertained to the contents of a document that was not yet unsealed at the time; and the statement made clear that the ultimate decision on whether or not to "draft[] a habeas petition for" Franklin would rest with the "*supervisors*" of the person making such statement. Nor is Franklin availed by the other undated CIP letter cited in the majority disposition. Its vague references to "start[ing] to build [Franklin's] case" (without differentiation between his actual-innocence case and his habeas case) and to filing a discovery motion "[b]efore the habeas process is complete" remain a far cry from an affirmative representation that CIP would prepare and file a habeas petition on Franklin's behalf. And in any event, because the statute of limitations on Franklin's *Brady* claim had already expired in 2000— long before CIP even *began* investigating his case, in 2012—it cannot be said that CIP's actions were the "cause of [his] untimeliness" in filing a federal habeas petition based on such claim. *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)).

Thus, I would affirm the district court's decision in its entirety.