Columbus J. **PARKER**, Jr., Appellant,

v.

Jesse **BROWN**, Secretary of Veterans Affairs, Appellee.

No. 93–201.

United States Court of Veterans Appeals.

Oct. 21, 1994.

As Amended Nov. 1, 1994.

Rick Bowman was on the brief, for appellant.

Mary Lou Keener, Gen. Counsel; Norman G. Cooper, Asst. Gen. Counsel; Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Richard J. Mayerick, were on the brief, for appellee.

Before KRAMER, FARLEY, and HOLDAWAY, Judges.

HOLDAWAY, Judge, filed the opinion of the Court, in which FARLEY, Judge, joined. KRAMER, Judge, filed a dissenting opinion.

HOLDAWAY, Judge:

The appellant, Columbus J. Parker, Jr., appeals two decisions of the Board of Veterans' Appeals (BVA), both of which were decided on January 26, 1993. The first decision denied entitlement to an increase in the 40% evaluation currently assigned to the residuals of a low back injury with spondylosis, L5–S1, status post fusion and spondylolisthesis and spina bifida occulta of L–5. The second decision denied entitlement to payment for non-emergency medical care provided to the appellant from May 14, 1990, to July 23, 1990, and for a period of hospitalization in August 1990.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The appellant had active service from May 1963 to July 1967, and from September 1968 to August 1984. In February 1985, he was service connected at 20% under 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5293 (1984), for residuals of a low back injury with spondylolysis L5–S1, and with spondylolisthesis and spina bifida occulta, L5, postoperative, and also service connected at 0% under DC 5257 for an injury, left knee, postoperative, for a combined rating of 20%. In April 1985, the ratings were increased to 40% for the back injury and 10% for the knee injury, for a combined rating of 50%. In August 1989, the BVA denied entitlement to increased ratings for both injuries and also denied entitlement to a total disability rating due to individual unemployability. In February 1990, the 40% rating for the back injury was reduced to 20%, resulting in a combined rating of 30%. The same rating decision also determined that individual unemployability was not present.

In October 1990, the appellant wrote a letter to the director of the Dallas VA Medical Center (MC) requesting "payment for medical services provided to [him] by civilian doctors and/or facilities" for his service-connected back condition which were not previously authorized by VA. The services for

which the appellant sought payment were rendered between May and August 1990. He furnished no information, at that time, of the circumstances surrounding the "civilian" treatment. He was advised by letter that reimbursement was authorized only for medical emergencies.

In April 1991, the 40% rating for the back injury was restored, thus restoring the combined rating of 50%. On May 18, 1991, the appellant filed a Notice of Disagreement (NOD) which stated that he deserved a higher rating for his back injury because he was not employable.

On May 20, 1991, the appellant's claim for payment for nonemergency medical care was denied on the basis that, in the opinion of the physicians who reviewed the medical reports in question, there was no emergency which prevented the appellant from coming to the VAMC for treatment. See 38 U.S.C. § 1728(a); 38 C.F.R. § 17.80 (1993). The appellant filed an NOD regarding this decision on May 30, 1991, and on the same day a Statement of the Case (SOC) was issued regarding his claim for payment of unauthorized medical expenses.

An SOC was issued in July 1991 regarding the appellant's claim for an increased evaluation for his back injury. In October 1991, VA issued a confirmed rating decision regarding the appellant's claim for an increased rating for his back injury. A Supplemental SOC regarding that claim was issued in November 1991. A hearing regarding that claim was held at the Dallas VAMC in January 1992, and the hearing panel determined that its decision was unchanged and the claim was denied.

In January 1993, the BVA denied entitlement to an increased rating for the back injury on the ground that the appellant did not meet the schedular criteria for an increased evaluation. In the same decision, the BVA referred the issue of a total disability rating based on individual unemployability (TDIU) to the regional office (RO) for "appropriate development."

Also in January 1993, the BVA, in a separate decision, denied entitlement to payment for nonemergency medical care provided to the appellant from May 14, 1990, to July 23, 1990, and for a period of hospitalization in August 1990. The BVA concluded that the appellant's claim was not well grounded because "[t]he evidence and the appellant's testimony demonstrate clearly that the unauthorized medical services received at a private facility from May through August 1990 were not rendered in a medical emergency of such nature that delay would have been hazardous to life or health." See 38 U.S.C. §§ 1728(a), 5107(a); 38 C.F.R. § 17.80.

## II. ANALYSIS

### A. Increased rating (back injury)

■ The Secretary contends that the Court lacks jurisdiction over this appeal because the issue of an increased rating for the appellant's back injury is "inextricably intertwined" with the issue of unemployability which was referred to the RO. *Harris v. Derwinski,* 1 Vet.App. 180 (1991), was cited as precedent. The Secretary failed to cite either *Holland v. Brown,* 6 Vet.App. 443 (1994), or *Vettese v. Brown,* 7 Vet.App. 31, 34–35 (1994). These latter two cases hold that disability is related to a separate claim for TDIU, but not inextricably so. As those cases found, the rating given to a service-connected disability is related, but not necessarily inextricably, to a separate claim for TDIU. In fact, a claim for TDIU is based on an acknowledgment that even though a rating less than 100% under the rating schedule may be correct, objectively, there are subjective factors that may permit assigning a 100% rating to a particular veteran under particular facts, notwithstanding the putative correctness of the objective rating.

In this case, the question is whether in deciding the TDIU claim, the RO would have to reexamine the merits of the denied claim for an increased disability rating which is pending on appeal before this Court. Obviously it would not. Therefore, the claims are easily extricable. *Harris* is a far different case where the veteran's heart disorder, the subject of his remanded claim, was, according to the veteran, the *cause* of his anxiety disorder, the claim which was on appeal. *See Harris,* 1 Vet.App. at 183. The Court found that the claimed disability and the claimed

residual disability were inextricably intertwined, so that one could not be adjudicated without reference to the other. *Id.* That is not so in this case. The subjective factors that are the core of a TDIU claim can be adjudicated without necessarily reexamining or reopening the underlying objective disability rating.

We agree with the Secretary's alternative argument that the appeal of the claim for an increased rating, as it includes wholly factual matters, may be disposed of under the "clearly erroneous" standard of 38 U.S.C. § 7261(a)(4). In this connection, having examined the record, we are satisfied that there is a plausible basis for the findings of the BVA and that adequate reasons or bases were given for that decision. We affirm.

## B. Reimbursement for nonemergency medical expenses

■ This is a case of first impression as to what constitutes a well-grounded claim for payment or reimbursement of medical expenses under 38 U.S.C. § 1728(a), which provides:

(a) The Secretary may, under such regulations as the Secretary shall prescribe, reimburse veterans entitled to hospital care or medical services under this chapter for the reasonable value of such care or services ..., for which such veterans have made payment, from sources other than the Department where—

(1) such care or services were rendered in a medical emergency of such nature that delay would have been hazardous to life or health;

(2) such care or services were rendered to a veteran in need thereof (A) for an adjudicated service-connected disability ...; and

(3) Department or other Federal facilities were not feasibly available, and an attempt to use them beforehand would not have been reasonable, sound, wise, or practical.

■ In a claim for reimbursement for emergency care, as in any other claim, it is necessary for the claimant to submit a "well-grounded claim," i.e., one that is plausible, meritorious on its own or capable of substan-tiation. It must be a claim that is "possible," *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990).

In this case the BVA found the claim not well grounded because there was no evidence submitted by anyone that the critical element for reimbursement, i.e., a medical emergency, existed. The "claimant" merely submitted his medical bills. He did not respond with any evidence when advised that reimbursement could be made only for emergency care. A claim would not be possible in this case without at least an implication that there was a medical emergency. The appellant's own ipse dixit averment of an emergency might have been enough to ground the claim. The Court will face that question when it is posed, but here there is not even that. There is nothing other than the appellant's unfounded "assumption" that the VA would reimburse him solely because the treatment was for a service-connected condition. The BVA was correct in finding the claim not to be well grounded.

## III. CONCLUSION

Upon consideration of the above, the BVA's decision denying the appellant's claim for an increased rating for residuals is AFFIRMED. We also affirm the BVA's decision that there was not a well-grounded claim for reimbursement of medical expenses incurred because of a medical emergency.

KRAMER, Judge, dissenting:

I would hold that the appellant's claims for a total disability rating based on individual unemployability (TDIU) and an increased rating for a back condition are "inextricably intertwined," and that his claim for payment or reimbursement of unauthorized medical expenses is well grounded.

## I. INCREASED RATING (BACK INJURY)

*Harris v. Derwinski,* 1 Vet.App. 180, 183 (1991), stands for the general proposition that the Court will not review Board of Veterans' Appeals (BVA) decisions in piecemeal fashion where such review might result in a meaningless waste of judicial resources.

Thus, where pending administrative action on a claim might have a "significant impact" on the Court's review of a BVA decision on another claim, the Court will not provide separate review of that BVA decision. *Id.*

As a consequence of the BVA decision on review, a claim for TDIU is pending at the administrative level, while a claim for an increased rating of a condition which constitutes an integral part of the TDIU claim is on appeal to the Court. As I stated in my concurring opinion in *Holland v. Brown*, 6 Vet.App. 443, 449 (1994):

> [B]oth a schedular rating and a TDIU rating are based on the extent to which a disability negatively impacts upon employability. *See* 38 C.F.R. § 4.1 (1993) (schedular "ratings represent ... the average impairment in earning capacity"); 38 C.F.R. §§ 4.15, 4.16 (1993) (TDIU ratings represent the inability "to follow a substantially gainful occupation"). A TDIU rating which is premised upon a condition which is also the subject of a rating in terms of percentage of disability is inextricably intertwined with the percentage rating. The evidence used to support both ratings must overlap, at least in part, because the inquiry is the same: what is the degree of disability?

Thus, I agree with the Secretary that the issue of an increased rating for the appellant's back injury is inextricably intertwined with the issue of a TDIU rating, and that review by the Court of the increased rating claim is, therefore, premature.

To the extent the majority relies on *Holland* for its result, I would point out that *Holland* conflicts with *Harris* in that it attempts to limit *Harris* only to those situations where a future administrative action on one claim will "necessarily" affect Court review on another claim. The majority in *Holland* specifically determined that such a construct only occurs where the Court is reviewing TDIU and the claim before the administrative body is one for an increased rating, but not conversely, as is the case here. *Cf. Vettese v. Brown*, 7 Vet.App. 31 (1994).

The fallacy of such a proposition is twofold. First, it fails to recognize that when the claims are in a juxtaposed situation (increased rating before the Court and TDIU below), evidence pertaining to TDIU before the administrative body might have a significant impact as to the proper rating of the underlying condition. Second, even if we impose a one-way street where *Harris* applies only to a situation where the claim for an increased rating is below and TDIU here, an administrative decision as to the rating increase may *not* "necessarily" affect the Court's review of TDIU in that if the rating increase were to be denied, such a denial would not affect that Court's review of TDIU, regardless of whether the review occurred before or after such denial.

Finally, to add more confusion on the question of whether two claims are "inextricably intertwined," the majority changes the *Holland* test, which focused only on the impact that the pending administrative action would have on the Court's decision, by focusing only on the impact that the issue before the Court would have on the pending administrative action:

> In this case, the question is whether in deciding the TDIU claim, the RO would have to reexamine the merits of the denied claim for an increased disability rating which is pending on appeal before this Court. Obviously it would not. Therefore, the claims are easily extricable.... The subjective factors that are the core of a TDIU claim can be adjudicated without necessarily reexamining or reopening the underlying objective disability rating.

*Ante* at 119.

## II. PAYMENT OR REIMBURSEMENT OF UNAUTHORIZED MEDICAL EXPENSES

As the majority stated, this is a case of first impression as to what constitutes a well-grounded claim for payment or reimbursement of medical expenses under 38 U.S.C. § 1728(a), which is quoted in the majority opinion, *ante* at 119–20.

The appellant has the burden of submitting evidence sufficient to justify a belief that a claim is well grounded. 38 U.S.C. § 5107(a). "A well grounded claim is a plausible claim, one which is meritorious on its

own or capable of substantiation. Such a claim need not be conclusive but only possible to satisfy the initial burden of [38 U.S.C. § 5107(a) ]." *Murphy v. Derwinski,* 1 Vet. App. 78, 81 (1990). Whether a claim is well grounded is a question of law subject to de novo review by the Court. *See King v. Brown,* 5 Vet.App. 19 (1993).

Under the statutory structure of section 1728(a), certain clearly stated preliminary threshold requirements must be established prior to the consideration of the cumulative elements enunciated in subparagraphs (1) through (3). These threshold requirements are as follows. First, the claimant must be a veteran. Second, the veteran must be entitled to hospital care or medical services under Chapter 17 of Title 38 of the United States Code. Third, the veteran must have received such care or services from sources other than VA. Fourth, such care or services must have been rendered for payment. Once the four threshold requirements have been satisfied, each of the three elements enunciated in subparagraphs (1) through (3) must also be satisfied in order for an appellant to be entitled to reimbursement of medical expenses under section 1728(a).

Turning to this case, it is undisputed that the appellant is a veteran, that he received medical treatment from someone other than VA, and that such treatment was rendered for payment. Therefore, the first, third, and fourth threshold requirements have been satisfied. As to whether the appellant is entitled to hospital care or medical services under Chapter 17 (the second threshold requirement), 38 U.S.C. § 1710(a)(1)(A) provides that "the Secretary shall furnish hospital care ... which the Secretary determines is needed ... to any veteran for a service-connected disability." Further, section 1712(a)(1)(A) provides that "the Secretary shall furnish on an ambulatory or outpatient basis such medical services as the Secretary determines are needed ... to any veteran for a service-connected disability." As the Secretary has not disputed that the appellant sought needed treatment for a service-connected disability, I would conclude that the second threshold requirement has been satis-

fied. Thus, all four threshold requirements have been satisfied.

If, after these threshold requirements have been met, the appellant still must submit evidence of a medical emergency (subparagraph (1)) in order for his claim to be well grounded under 38 U.S.C. § 1728(a) (as the majority would require), then, because subparagraphs (1), (2), and (3) are cumulative, he would also have to submit evidence of each of the other two elements enumerated in subparagraphs (2) and (3) in order for the claim to be well grounded. However, requiring a claimant to submit evidence with respect to all four threshold requirements and all three of the elements enumerated in subparagraphs (1) through (3) is almost tantamount to requiring the appellant to establish entitlement to reimbursement under section 1728(a), far too great a prerequisite for submitting a well-grounded claim. *See Murphy, supra* (a well-grounded claim need not be conclusive, only plausible); *White v. Derwinski,* 1 Vet.App. 519, 521 (1991) (the threshold as to whether a claim is well grounded is "rather low").

Recently, in *Robinette v. Brown,* —— Vet. App. ——, ——, No. 93–985, slip op. at 10, 1994 WL 495078 (Sept. 12, 1994), the Court stated that "as our ... jurisprudence ... makes clear, to be well grounded a claim need not be supported by evidence sufficient for the claim to be granted. Rather, the law establishes only a ***preliminary*** threshold of plausibility with enough of an evidentiary basis to show that the claim is capable of substantiation." (Boldface italics in the original.) Because there is not only plausible evidence as to the preliminary threshold requirements of 38 U.S.C. § 1728(a), but indeed such preliminary threshold requirements have been satisfied, I would hold that the appellant's claim is well grounded and that the BVA erred when it concluded that the appellant's claim was not well grounded.