Citation Nr: 1448556 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 12-00 825 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical and Regional Office Center 
in Wichita, Kansas


THE ISSUES

1. Entitlement to service connection for a psychiatric disability, to include social phobia.
 
2. Entitlement to service connection for alcoholism, to include as secondary to a psychiatric disability.


ATTORNEY FOR THE BOARD

J. W. Kim, Counsel


INTRODUCTION

The Veteran had active military service from April 2003 to November 2005.

This case comes before the Board of Veterans' Appeals (Board) on appeal of an April 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Wichita, Kansas. In November 2013, the Board remanded the case to the Agency of Original Jurisdiction for further development. 


REMAND

Regrettably, further development is needed in this case.

In the November 2013 remand, the Board requested that a complete copy of the Veteran's service personnel records and any service clinical records be obtained. 

A January 2014 report of contact shows that the Army Human Resources Command indicated that the Veteran may have a restricted folder that could contain an Article 15 and he needed to complete a form for VA to obtain any records from that folder. In a January 2014 letter, the RO advised the Veteran that there may be a restricted file that requires his completion of Standard Form 180 in order for VA to request records from that file. The RO asked him to find the form online, then complete and submit it. He did not submit the form. Despite his failure to submit the form, the Board finds that the RO's action was not consistent with VA's duty to assist in obtaining federal records. Thus, the agency of original jurisdiction (AOJ) should obtain a copy of Standard Form 180 from the National Archives website and send it to the Veteran. However, the Veteran is advised that he must complete and return the form to allow VA to obtain the potentially existing records.

The record reflects that the AOJ complied with the request to obtain any service clinical records pertaining to the Veteran. However, the record indicates that service medical records that were previously in the claims file are missing. The April 2011 rating decision cites as evidence service medical records from January 2003 to September 2005. In the prior remand, the Board only requested clinical records, indicating that some service medical records were in the claims file. The Board observes that the claims file was sent for scanning and all the evidence in the claims file was uploaded onto the Veteran's electronic claims file and. However, the service medical records are not in either electronic system. Thus, the AOJ should request a search for any additional service medical records at the RO and scanning vendor.

The available service medical records show a normal psychiatric examination during the Veteran's January 2003 enlistment examination. An October 2005 emergency care and treatment note shows that he was in the process of chaptering out and had a history of obsessive compulsive disorder for which he was taking Paxil and anger management issues. He reported going to the mental health clinic but it was closed. He was to undergo a psychiatric evaluation the next day. The report of that evaluation is not of record. Post-service medical records show a history of psychiatric problems prior to service.

At an April 2011 VA examination, based on the reported history, the examiner opined that the Veteran's social anxiety did not manifest in service but existed prior to service and was not aggravated by service. While the Board acknowledges the examiner's opinion, as the enlistment examination report did not note any psychiatric disability, the presumption of soundness has not been rebutted. 38 U.S.C.A. § 1111 (West 2002); 38 C.F.R. § 3.304(b) (2014). To rebut the presumption of soundness, VA must show by clear and unmistakable evidence that (1) the disease or injury existed prior to service and (2) the disease or injury was not aggravated by service. VAOPGCPREC 3-2003 (2003), 69 Fed. Reg. 25178 (2004).

Thus, an opinion on whether the Veteran's social anxiety clearly and unmistakably existed prior to service and was not aggravated by service is needed. Prior to the examination, the AOJ should obtain any outstanding medical records. The record contains VA treatment notes through June 2014. Thus, any treatment notes since that time should be obtained.

As for the claim for service connection for alcoholism, the examiner stated that the initiation of the Veteran's alcoholism was secondary to social anxiety, but it had subsequently developed into an independent addiction. As the remand of the claim for service connection for social anxiety could affect the alcoholism claim, the claims are inextricably intertwined and a decision on the alcoholism claim at this time would be premature. Parker v. Brown, 7 Vet. App. 116 (1994); Harris v. Derwinski, 1 Vet. App. 180 (1991). 

Accordingly, the case is REMANDED for the following actions:

1. Request a search of the Veteran's service medical records at the RO and scanning vendor.

2. Obtain a copy of Standard Form 180 from the National Archives website and send it to the Veteran to complete and return. The Veteran is advised that he must complete and return the form to allow VA to obtain the potentially existing restricted file that may contain the claimed report regarding an Article 15. If the Veteran submits a completed form, then send the form to the Army Human Resources Command and request a copy of any restricted folder pertaining to the Veteran. 

3. Obtain any VA treatment records dated since June 2014. 

4. Then, schedule the Veteran for a VA psychiatric examination to determine the nature and etiology of any current psychiatric disorder, to include social anxiety. The examiner should review the claims folder and note that review in the report. A rationale for all opinions should be provided. For each diagnosed psychiatric disorder, the examiner should address the following:

(a) State whether a psychiatric disability clearly and unmistakably existed prior to entry into service. 

(b) If a psychiatric disability clearly and unmistakably existed prior to entry into service, then state whether there is clear and unmistakable evidence that the disability was not aggravated by service. 

(c) If the disability underwent an increase in disability during service, state whether the increase in disability constituted the natural progression of the disease or was beyond the natural progress of the disorder.

5. Then, readjudicate the claims. If any decision is adverse to the Veteran, issue a supplemental statement of the case and allow the appropriate time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).


_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).