http://www.va.gov/vetapp16/Files4/1630479.txt

Citation Nr: 1630479 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 13-17 808 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania

THE ISSUE

Entitlement to service connection for headaches.

REPRESENTATION

Appellant represented by: Pennsylvania Department of Military and Veterans Affairs

ATTORNEY FOR THE BOARD

E.I. Velez, Counsel

INTRODUCTION

The Veteran had active service from June 1979 to June 1982 with subsequent service in the Army National Guard of Pennsylvania.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania. 

This appeal was processed using the Veteran's Benefits Management System (VBMS). Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record. In addition to the VBMS file, there is a Virtual VA paperless claims file associated with the claim.

In a May 2015 decision, the Board denied the Veteran's claim for service connection for residuals of a traumatic brain injury (TBI), and remanded the issues of service connection for photophobia and headaches for additional development. In a September 2015 decision, the Board denied the claim for service connection for photophobia and remanded the current issue on appeal for further development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Veteran seeks service connection for headaches. He has argued that his headaches are related to a traumatic brain injury (TBI) he incurred in service. 

As noted above, in a May 2015 decision, the Board denied the Veteran's claim for service connection for residuals of a TBI, and remanded the issues of service connection for photophobia and headaches for additional development. In a September 2015 decision, the Board denied the claim for service connection for photophobia and remanded the current issue on appeal for further development. In February 2016, the Board requested a Veterans Health Administration (VHA) expert opinion from a neurologist as to the nature and etiology of the Veteran's claimed headaches. 

In April 2016, a VHA expert opinion was obtained. The examiner opined that the Veteran's headaches were not related to service and were not related to a traumatic brain injury (TBI) incurred in service.

Also of record is an April 2016 VA TBI examination. At the time, the examiner noted that the Veteran had symptoms to include headaches. He further noted that the headaches were not necessarily clearly temporally linked to the TBI in 1995. No aggravation opinion has been provided. 

The record reflects that in June 2016 the Veteran filed a new claim for service connection for TBI. This new claim has been acknowledged by the AOJ and the record reflects it is currently being developed.

The Board finds that the issues of entitlement to service connection for a TBI and entitlement to service connection for headaches are inextricably intertwined. See Parker v. Brown, 7 Vet. App. 116 (1994); Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (issues are "inextricably intertwined "when a decision on one issue would have a "significant impact "on a veteran's claim for the second issue). Given the pending claim for service connection for TBI, the Veteran's arguments as to a relationship between the TBI and his headaches, and the evidence noted above, the Board finds it would be premature to decide the current issue on appeal. Rather, the Board will defer the issue and remand the claim for readjudication once the AOJ has adjudicated the pending claim for service connection for TBI.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should adjudicate the pending claim for service connection for TBI.

2. Thereafter, and after conducting any additional development deemed needed, readjudicate the Veteran's claim for service connection for headaches. If the benefit sought on appeal remains denied, the Veteran and his representative should be provided with a Supplemental Statement of the Case. An appropriate period of time should be allowed for response.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
BETHANY L. BUCK
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).