http://www.va.gov/vetapp16/Files4/1634363.txt

Citation Nr: 1634363 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 08-04 774 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio

THE ISSUES

1. Entitlement to a disability rating in excess of 10 percent for a lumbosacral strain.

2. Entitlement to a total disability rating based upon individual unemployability due to service-connected disabilities (TDIU).

REPRESENTATION

Veteran represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran 

ATTORNEY FOR THE BOARD

K. Kovarovic, Associate Counsel 

INTRODUCTION

The Veteran served on active duty from June 1973 to July 1975 and December 1979 to October 1992. 

These matters come before the Board of Veterans' Appeals (Board) from a May 2006 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio. The Board notes that in July 2016, the United States Court of Appeals for Veterans Claims (CAVC) remanded the matter of entitlement to an increased rating for a lumbosacral strain and ordered that additional development be undertaken.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

The Veteran is seeking entitlement to a disability rating in excess of 10 percent for a lumbosacral strain and to a TDIU. Although the Board sincerely regrets the additional delay this may cause, further development is necessary prior to adjudication of these claims.

The Board first acknowledges the procedural history of the Veteran's back claim. Entitlement to an increased disability rating was denied by the Board in July 2015. However, a July 2016 CAVC Order remanded this issue for additional development upon finding that the Board failed to provide an adequate statement of reasons or bases in its July 2015 decision. This issue has since been returned to the Board for readjudication. 
The Board notes that there may be private treatment records pertaining to this claim that have not yet been associated with the claims file. In August 2016, the Veteran reported treatment with Westwood Chiropractic Center, Inc. located in Cincinnati, OH. Later that month, the Veteran was informed that his related VA Form 21-4142, Authorization to Disclose Information to the Department of Veterans Affairs (VA) and VA Form 21-4142a, General Release for Medical Provider Information to the Department of Veterans Affairs (VA), were incomplete, such that the RO was prevented from obtaining the Veteran's private treatment records. However, VA has a duty to assist veterans in substantiating claims for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A (West 2014); 38 C.F.R. § 3.159(c) (2015). As such, additional efforts must be made to obtain the Veteran's private treatment records. 

Turning to the Veteran's TDIU claim, this issue was most recently remanded by the Board in July 2016. At that time, the RO was instructed to obtain the Veteran's outstanding employment records; to refer the claim to the Director, Compensation Service, for consideration of whether a TDIU is warranted on an extraschedular basis prior to March 8, 2009; and to readjudicate the issue of entitlement to a TDIU prior to March 8, 2009. 

A claimant has the right to substantial compliance with remand directives. Stegall v. West, 11 Vet. App. 268 (1998) (holding that a remand by the United States Court of Appeals for Veterans Claims Court (Court) or the Board confers on the veteran or other claimant, as a matter of law, the right to compliance with the remand orders); see also D'Aries v. Peake, 22 Vet. App. 97 (2008) (holding that only substantial, and not strict compliance with the terms of a remand request, is required). Review of the Veteran's claims file indicates that none of the development ordered in its July 2016 has been undertaken to date. As such, remand is now required such that substantial compliance with the Board's July 2016 remand directives can be attained. See also Parker v. Brown, 7 Vet. App. 116 (1994); Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (holding two issues are "inextricably intertwined" when they are so closely tied together that a final Board decision cannot be rendered unless both are adjudicated). 

Accordingly, the case is REMANDED for the following action:

1. The RO should obtain appropriate authorization from the Veteran and then obtain all records relating to private medical treatment of his service-connected back disability, including from Westwood Chiropractic Center, Inc. located in Cincinnati, OH. All actions to obtain the requested records should be fully documented in the record. The RO must make two attempts to obtain any private records identified, unless the first attempt demonstrates that further attempts would be futile.

If private records are identified, but not obtained, the RO must notify the Veteran of (1) the identity of the records sought, (2) the steps taken to obtain them, (3) that the claim will be adjudicated based on the evidence available, and (4) that if the records are later obtained, the claim may be readjudicated.

2. Thereafter, provide the Veteran with a new VA examination to assess the current nature and severity of his service-connected back disability. The claims file must be made available to the examiner in conjunction with the examination. All pertinent symptomatology and findings must be reported in detail. Any indicated special diagnostic tests that are deemed necessary for an accurate assessment must be conducted. The examiner should describe the Veteran's disabilities in accordance with VA rating criteria as set forth in Diagnostic Codes 5003 and 5235-5243, including the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes (2015). Specifically, the examiner is instructed to address the Veteran's range of motion and whether he has a history of incapacitating episodes.

3. Request, with the Veteran's assistance, all outstanding records from his previous employers, including any medical records and /or administrative decisions, relevant to the Veteran's TDIU claim. All actions to obtain the requested records should be fully documented in the claims file. If they cannot be located or no such records exist, the Veteran and his representative should be so notified in writing.

4. Refer the Veteran's TDIU claim to the Director, Compensation Service, for consideration of whether a TDIU is warranted on an extraschedular basis prior to March 8, 2009.

Include a full statement as to the Veteran's service-connected disabilities, employment history, educational and vocational attainment, and all other factors having a bearing on the issue. 

5. After completing the above development and any other development deemed necessary, readjudicate the issues of entitlement to an increased rating for lumbosacral strain and entitlement to a TDIU prior to March 8, 2009. If either benefit remains denied, issue the Veteran and his representative a Supplemental Statement of the Case and provide a reasonable opportunity to respond before the case is returned to the Board for further appellate review. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).