http://www.va.gov/vetapp16/Files6/1644958.txt

Citation Nr: 1644958 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 05-13 955 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas

THE ISSUES

1. Entitlement to service connection for posttraumatic stress disorder (PTSD).

2. Entitlement to service connection for hypertension, to include as secondary to PTSD.

3. Entitlement to service connection for erectile dysfunction, to include as secondary to PTSD.

4. Entitlement to service connection for sleep apnea, to include as secondary to PTSD. 

REPRESENTATION

Appellant represented by: Sean A. Ravin, Attorney

WITNESSES AT HEARING ON APPEAL

The Veteran, the Veteran's Wife

ATTORNEY FOR THE BOARD

W. R. Stephens, Associate Counsel

INTRODUCTION

The Veteran served on active duty from March 1964 to January 1968.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a November 2004 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

The matters of entitlement to service connection for PTSD, hypertension, erectile dysfunction, and sleep apnea were denied in the November 2004 rating decision. The Veteran perfected an appeal with respect to these matters, which ultimately led to a November 2007 Board decision denying the claims. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court), resulting in a December 2009 Memorandum Decision vacating the Board's decision with respect to these issues and remanding the claims to the Board. These matters were then remanded by the Board in November 2010 and June 2013 for further evidentiary development.

The Board denied these issues in an August 2015 decision. The Veteran appealed this decision to the Court, resulting in a February 2016 Joint Motion for Partial Remand. As a result, they are back before the Board.

In the August 2015 decision, the Board also remanded the issue of entitlement to service connection for Parkinson's disease. Service connection was granted for that issue in an August 2016 rating decision, and as a result, the full benefit sought on appeal has been granted and it is no longer before the Board.

In May 2007, the Veteran presented testimony at a Travel Board hearing at the RO before a Veterans Law Judge. The Veteran's Law Judge who conducted the May 2007 hearing has retired. In a May 205 letter, the Veteran was offered another hearing before a different Veterans Law Judge who would ultimately decide this appeal. The Veteran did not respond to the Board's letter asking if he desired a hearing before another Veterans Law Judge pursuant to 38 U.S.C.A. § 7197 (c); 38 C.F.R. § 20.707. The Board will thus consider the testimony and any evidence presented at the May 2007 proceeding.

The Board notes the holding in Clemmons v. Shinseki, 23 Vet. App. 1 (2009), with respect to psychiatric claims. However, in light of the Veteran's withdrawal of his service connection claim for schizophrenia and depression, as adjudicated in the Board's June 2013 decision, and the lack of evidence of any other diagnosed psychiatric conditions, the Board has kept the Veteran's service connection claim for PTSD limited to that specific disability.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The February 2016 Joint Motion for Partial Remand (JMPR) vacated the Board's August 2015 denial of the issues listed above as the Board failed to provide the Veteran's representative "opportunity to present argument and evidence to the Board on behalf of his client." In short, the Veteran's representative was not properly informed of when the matters were certified before the Board.

Subsequent to the JMPR, the Veteran submitted a September 2016 private medical opinion diagnosing the Veteran with posttraumatic stress disorder (PTSD) as a result of his military service. The private medical opinion conflicts with existing medical evidence of record, including VA examinations. The Board has determined that a clarifying opinion is necessary to address whether the Veteran has a current diagnosis of PTSD related to an appropriate in-service stressor.

Effective August 4, 2014, VA amended the portion of its Rating Schedule dealing with mental disorders and its adjudication regulations that define the term "psychosis" to remove outdated references to the Fourth Edition of the DSM (DSM-IV) and replace them with references to the recently updated Fifth Edition (DSM-5). See 79 Fed. Reg. 149, 45094 (August 4, 2014). The provisions of the interim final rule apply to all applications for benefits that are received by VA or that were pending before the AOJ on or after August 4, 2014. VA adopted as final, without change, the interim final rule and clarified that the provisions of this interim final rule do not apply to claims that have been certified for appeal to the Board or are pending before the Board on or before August 4, 2014, even if such claims are subsequently remanded to the AOJ. See 80 Fed. Reg. 53, 14308 (March 19, 2015). Because the RO originally certified the Veteran's appeal prior to August 2014, this claim is governed by the DSM-IV.

The results of the new VA opinion are largely determinative of the Veteran's secondary service connection claims. For this reason, the Board finds that these claims are inextricably intertwined. See Parker v. Brown, 7 Vet. App. 116 (1994); Harris v. Derwinski, 1 Vet. App. 180 (1991). As a result, a decision cannot be made on the Veteran's service connection claims for hypertension, erectile dysfunction, and sleep apnea at this time.

Accordingly, the case is REMANDED for the following action:

1. Send notice to the Veteran requesting that he identify any other treatment that he is receiving for the issues on appeal and request that he forward any additional records to VA to associate with the claims file. 

If the Veteran is receiving regular VA treatment, obtain the updated medical records and associate them with the claims file.

2. Schedule the Veteran for a VA psychiatric examination with an examiner of appropriate expertise. All appropriate tests and studies should be performed and all clinical findings reported in detail. The claims file and a copy of this remand must be made available to and be reviewed by the examiner in conjunction with the examination. The examination report must indicate that the claims file was reviewed in conjunction with the report. Additionally, the examiner should elicit from the Veteran a history of symptoms relating to his claimed disorder. 

In the opinion offered by the examiner, the examiner should discuss the Veteran's lay testimony with respect to relevant in-service events. In addition, the examiner should address the Veteran's previous psychiatric examinations, both VA and private.

Based on a review of the claims file and the clinical findings of the examination, the VA examiner is requested to provide a multi-axis diagnosis for the Veteran using the criteria set forth in the DSM-IV:

a) If the examiner finds that the Veteran does not demonstrate a current psychiatric disorder, then the examiner should provide an explanation as to how the Veteran's current and previous symptomatology do not meet the criteria for PTSD. The examiner should also explain any discrepancies with previous findings in his treatment records.

b) If the Veteran is diagnosed with PTSD, the examiner should then offer an opinion as to whether it is at least as likely as not (that is, a 50 percent or greater probability) that the Veteran's reported stressors are adequate to support a diagnosis of PTSD and whether the Veteran's symptoms are related to those reported stressors.

The examiner is advised that the term "as likely as not" does not mean within the realm of possibility. Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of causation as to find against causation. "More likely" and "as likely" support the contended causal relationship or a finding of aggravation; "less likely" weighs against the claim.

A complete rationale for any opinion expressed should be provided in a legible report. In doing so, the examiner should reconcile any contrary medical evidence of record. If the examiner is unable to reach an opinion without resort to speculation, she or she should explain the reasons for this inability and comment on whether any further tests, evidence or information would be useful in rendering an opinion.

3. If the Veteran is diagnosed with PTSD, return the claims file to an examiner(s) of appropriate knowledge and expertise to provide an opinion as to the etiology of the Veteran's hypertension, erectile dysfunction, and sleep apnea. It is up to the discretion of the examiner(s) if a new examination is necessary, or in the alternative, an addendum opinion is sufficient. 

Based on a review of the claims file and the clinical findings of any examination, the VA examiner is requested to provide an opinion as to:

Whether it is "at least as likely as not" (a 50 percent or greater probability) that the Veteran's hypertension, erectile dysfunction, or sleep apnea is either proximately due to, or alternatively, permanently aggravated by the Veteran's service-connected PTSD. 

If it is determined that there is aggravation, to the extent that is possible, the examiner is requested to provide an opinion as to approximate baseline level of severity of the Veteran's hypertension, erectile dysfunction, or sleep apnea before the onset of aggravation.

The examiner is advised that the term "as likely as not" does not mean within the realm of possibility. Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of causation as to find against causation. "More likely" and "as likely" support the contended causal relationship or a finding of aggravation; "less likely" weighs against the claim.

A complete rationale for any opinion expressed should be provided in a legible report. In doing so, the examiner should reconcile any contrary medical evidence of record. If the examiner is unable to reach an opinion without resort to speculation, she or she should explain the reasons for this inability and comment on whether any further tests, evidence or information would be useful in rendering an opinion.

4. After the requested records review and opinion are completed, the report should be reviewed to ensure complete compliance with the directives of this remand. If the report is deficient in any manner, it should be returned to the reviewing personnel. See Stegall v. West, 11 Vet. App. 268 (1998).

5. After undertaking any other development deemed appropriate, the RO will re-adjudicate the issues on appeal. If any benefit sought is not granted, the Veteran and his representative should be furnished with a supplemental statement of the case and afforded an opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).