Citation Nr: 1706021 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 11-17 059 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU). 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

C. Ferguson, Counsel


INTRODUCTION

The Veteran, who is the appellant, had active service from January 1976 to July 1991. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. 

In August 2014, the Board adjudicated several increased rating appeals and remanded the issue of entitlement to a TDIU to ask the Veteran to complete and return a VA Form 21-8940 and to schedule the Veteran for a vocational assessment, with subsequent readjudication of the appeal. 

Pursuant to the August 2014 Board remand directives, the Agency of Original Jurisdiction (AOJ) sent a September 2014 letter advising the Veteran that additional evidence was needed in connection with the TDIU appeal and asking for him to complete and return an enclosed Veteran's Appliction for Increased Compensation Based on Unemployability (VA Form 21-8940). The AOJ notified the Veteran that he had up to one year from the date of the letter to submit the information and evidence necessary to support the appeal. The Veteran did not respond to the letter, and the TDIU appeal was readjudicated in June 2016. 

Although the AOJ did not schedule the Veteran for a vocational assessment, the TDIU appeal was abandoned when the Veteran did not furnish the requested VA Form 21-8940 within one year of receiving the September 2014 letter request for information; therefore, after the one-year period expired, there was no need to schedule the vocational assessment. In consideration of the foregoing, the Board finds that there has been compliance with the Board's prior remand directives. Stegall v. West, 11 Vet. App. 268 (1998); D'Aries v. Peake, 22 Vet. App. 97 (2008).


FINDINGS OF FACT

1. The Veteran did not complete and returned a VA Form 21-8940 in connection with the TDIU appeal.

2. There is limited information of record regarding the Veteran's educational background and work history.

3. The evidence of record is insufficient to determine whether the Veteran has been substantially gainfully employed during the TDIU period and whether there has been a material change in employment during the course of the appeal.


CONCLUSION OF LAW

The issue of entitlement to a TDIU is considered abandoned, leaving no question of law or fact to decide regarding the TDIU issue. 38 U.S.C.A. §§ 501, 7105 (West 2014); 38 C.F.R. §§ 3.158, 20.204 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Dismissal of Appeal

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105. In the August 2014 decision, the Board noted that the evidence of record was insufficient to decide the TDIU appeal and remanded the issue, in pertinent part, to ask the Veteran to complete and return the enclosed VA Form 21-8940. In the September 2014 letter, the AOJ advised the Veteran that additional evidence was needed in connection with the TDIU appeal and asked him to complete and return an enclosed VA Form 21-8940. The Veteran did not respond to the letter.

When evidence is requested in connection with a claim for increase is not furnished within one year after the date of request, the claim is considered abandoned. 
38 U.S.C.A. § 501; 38 C.F.R. § 3.158. A TDIU claim is a form of increased rating claim. See Hurd v. West, 13 Vet. App. 449 (2000) (recognizing that a TDIU claim was a form of increased rating claim by applying increased rating effective date regulatory provisions to a TDIU claim); Norris v. West, 12 Vet. App. 413 (1999) (recognizing that a claim for a TDIU is in essence a claim for an increased rating); Parker v. Brown, 7 Vet. App. 116, 118 (1994) (stating that a TDIU claim is an alternate way to obtain a total disability rating without recourse to a 100 percent rating under the rating schedule).

Because the evidence of record is insufficient to decide the TDIU appeal, and the Veteran did not respond to the September 2014 letter from the AOJ asking him to complete and submit a VA Form 21-8940 in connection with the appeal, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, as the Board does not have jurisdiction to review the TDIU appeal, it must be dismissed. 38 U.S.C.A. § 7105; 38 C.F.R. § 20.204. 


ORDER

The appeal is dismissed.



____________________________________________
J. PARKER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs