Citation Nr: 1829765 
Decision Date: 07/24/18 Archive Date: 08/02/18

DOCKET NO. 05-32 536 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUES

1. Entitlement to an increased rating for residuals of a colostomy, to include as due to CUE in the March 1978 rating decision.

2. Entitlement to an effective date earlier than June 25, 2001, for the award of a 100 percent rating for a psychiatric disorder, to include as due to clear and unmistakable error (CUE) in prior Regional Office rating decisions in January 1972, March 1978, February 1984, December 1985, March 1996, and July 2002.

3. Entitlement to an increased rating for hearing loss, evaluated as noncompensably disabling prior to July 22, 2008, and in excess of 10 percent disabling thereafter.


REPRESENTATION

Veteran represented by: Peter J. Sebekos, Attorney



WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse


ATTORNEY FOR THE BOARD

Joshua Castillo, Counsel


INTRODUCTION

The Veteran had active duty from September 1969 to September 1971, including combat service in the Republic of Vietnam for which he received two Bronze Stars and two Purple Heart Medals.

This matter comes before the Board of Veterans' Appeals (Board) from a July 2002 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio.

In October 2012, the Veteran and his spouse presented testimony at a Travel Board hearing before the undersigned Veterans Law Judge.

In May 2008 and February 2013, the Board remanded the issue of entitlement to an increased rating for hearing loss.

In July 2016, the Veteran's attorney representative moved for the revision of the January 1972 rating decision that assigned an inial noncompensable rating for residuals of an injury to the symphysis pubis, an issue not on appeal, on the basis of CUE. This motion is referred to the RO for review in the first instance.

In a May 2018 brief regarding the first issue on appeal, the Veteran's attorney moved the Board to revise the March 1978 rating decision on the basis of CUE. The Board takes jurisdiction of the motion as it is intertwined with the second issue.
Finally, the Board notes that the Veteran has assigned power of attorney to Peter J. Sebekos for all of the claims addressed herein. See VA Form 21-22a (May 2018).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

[The issue of whether a January 17, 1983, decision of the Board, which denied a rating in excess of 30 percent for psychophysiologic gastrointestinal reaction with residuals of colostomy, should be revised or reviewed on the grounds of CUE is addressed in a separate decision.]


REMAND

Overall, the Veteran seeks earlier, higher, and separate ratings for his service-connected psychiatric disorder and gastrointestinal disabilities.

Effective September 26, 1971, both disorders were evaluated as separate aspects of a single disability until June 25, 2001, when the RO assigned separate ratings for a psychiatric disorder and residuals of a colostomy. See Rating Decision (January 1972) (granting service connection for colostomy residuals); Rating Decision (March 1978) (evaluating a nervous condition with colostomy residuals as "residuals colostomy with psychophysiological GI reaction," effective September 26, 1971); Supplemental Statement of the Case (August 2005) (assigning separate ratings).

Residuals of a Colostomy

In February 2013, the Board remanded the issue of entitlement to an increased rating for residuals of a colostomy. Upon remand, the Veteran's attorney asserted that a separate, earlier, and higher rating is warranted for colostomy residuals on the basis of CUE in the March 1978 rating decision that granted service connection for a nervous condition and evaluated it with the Veteran's colostomy residuals as a single disability under Diagnostic Codes 7301-7319. See Brief (May 24, 2018). Specifically, the attorney asserts that the March 1987 rating decision improperly applied the regulatory provisions extant at the time when it evaluated the Veteran's colostomy residuals with his psychiatric disorder under Diagnostic Codes 7301-7319. The attorney further asserts that the RO should have assigned a separate, higher rating for the Veteran's colostomy residuals under Diagnostic Code 7329, effective the date after separation from service.

If the Veteran's motion for revision of the March 1978 rating decision is granted (that is, a separate, earlier, and higher rating for colostomy residuals is awarded), such would directly impact the increased rating claim for residuals of colostomy on appeal. Accordingly, the two claims are inextricably intertwined. See Parker v. Brown, 7 Vet. App. 116 (1994); Harris v. Derwinski,1 Vet. App. 180 (1991) (issues are inextricably intertwined when a decision on one issue would have a significant impact on another issue). Additionally, as the RO has yet to review the claim of CUE in the March 1978 rating decision, the Board must defer adjudication of both issues until the RO has considered the CUE claim in the first instance.

A Psychiatric Disorder

Similarly, the Board must defer the issue of entitlement to an effective date earlier than June 25, 2001, for the award of a 100 percent rating for a psychiatric disorder, to include as due to CUE in prior Regional Office rating decisions issued January 1972, March 1978, February 1984, December 1985, March 1996, and July 2002. Id. Indeed, if the Veteran's motion for revision of the March 1978 rating decision is granted (that is, a separate, earlier, and higher rating for colostomy residuals is awarded), such would directly impact the increased rating claim for a psychiatric disorder on appeal. As such, for the Board to consider that claim at this time would be premature. Thus, the Board must defer adjudication of the claim of entitlement to an earlier effective date for a 100 percent rating for PTSD until the RO has considered the motion for revision of the March 1978 rating decision that granted service connection for residuals of colostomy with psychophysiological gastrointestinal reaction.


Hearing Loss

In February 2013, the Board remanded the issue of entitlement to an increased rating for hearing loss to obtain an VA examination regarding the current severity of the Veteran's hearing loss. The Veteran was afforded a VA audiological examination in May 2016.

The Veteran asserts that the May 2016 VA examiner's report that "it's hard to hear normal conversation" does not adequately describe functional effects of his hearing loss. Indeed, this statement does not appear to fully describe the impact of the Veteran's hearing loss on daily life, to include his ability to work. The Veteran further asserts that he may have suffered a 'mTBI' during an in-service RPG attack, which impairs his hearing in ways not contemplated by puretone threshold testing. In this regard, he submitted a May 2018 brief with medical literature describing how a 'mTBI' impairs the brain's ability to separate and interpret or distinguish sounds amid background noises and impairs the brain's ability to isolate and determine the direction of sounds.

Here, the Board finds that further examination is needed to address the functional effect of the Veteran's hearing loss, to include whether the described inability to separate and interpret or distinguish sounds amid background noises and isolate and determine the direction of sounds. Additionally, an examination is needed to determine whether such symptoms are attributable to the Veteran's service-connected hearing loss, and, if so, conduct any diagnostic tests needed to ascertain the severity of such effects.

Accordingly, the case is REMANDED for the following action:

1. Obtain any outstanding treatment records.

2. Schedule the Veteran for a VA audiological examination to ascertain the current severity of his service-connected hearing loss.

The examiner must fully describe the impact of the Veteran's service-connected hearing loss on his occupational functioning and daily activities. In doing so, the examiner is to specifically address the assertions in the May 2018 brief, to include that the Veteran's hearing loss impacts his ability separate and interpret or distinguish sounds amid background noises and isolate and determine the direction of sounds. The examiner is to opine as to whether such reported symptoms are attributable to the Veteran's service-connected hearing loss, and, if so, conduct any diagnostic tests needed to ascertain the severity of such effects.

3. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, readjudicate the issues on appeal.

In this regard, the RO should first address whether there was CUE in the March 1978 rating decision that evaluated residuals of colostomy with psychophysiological gastrointestinal reaction under Diagnostic Codes 7301-7319. The Veteran's attorney asserts that the RO should have assigned a separate, higher rating for the Veteran's colostomy residuals under Diagnostic Code 7329, effective the date after separation from service. See Brief (May 24, 2018).

The RO should then readjudicate the inextricably intertwined issues of (i) entitlement to an effective date earlier than June 25, 2001, for the award of a 100 percent schedular rating for a psychiatric disorder, to include as due to CUE in prior Regional Office rating decisions issued in January 1972, March 1978, February 1984, December 1985, March 1996, and July 2002, and (ii) entitlement to an increased rating for bilateral hearing loss. If any aspect of the appeal remains denied, the Veteran should be issued a supplemental statement of the case (SSOC) that addresses actions taken since the issuance of the last SSOC and given the opportunity to respond. The case should then be returned to the Board, if in order

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




_________________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).