﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200420-79029
DATE: February 26, 2021

REMANDED

The claim for service connection for segmental and somatic dysfunction of rib cage is remanded.

The claim for service connection for a lumbar spine disability, other than lumbar strain, is remanded. 

The claim for service connection for left lower extremity radiculopathy is remanded. 

The claim for an increased disability rating in excess of 10 percent for lumbar strain is remanded.

The claim for an increased disability rating in excess of 10 percent for right lower extremity radiculopathy is remanded.

The claim for entitlement to a total disability rating based on individual unemployability (TDIU) is remanded.

REASONS FOR REMAND

The Veteran served on active duty from January 1980 to December 1992, from September 1993 to March 1994, February 1996 to June 1996, March 1997 to September 1997, October 1997 to March 1998, April 1998 to September 1998, October 1998 to April 1999, and from October 1999 to March 2000. 

In an April 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

The Board notes that during a 2020 VA examination, the Veteran reported that she was retiring at the end of the month as she could no longer perform her duties due at least in part to her service-connected disabilities. As such, the issue of entitlement to TDIU has been raised and is added to the current appeal.

1. Entitlement to service connection for segmental & somatic dysfunction of rib cage

2. Entitlement to service connection for a lumbar spine disability, other than lumbar strain 

3. Entitlement to service connection for left lower extremity radiculopathy

4. Entitlement to an initial disability rating in excess of 10 percent for lumbar strain

5. Entitlement to an initial disability rating in excess of 10 percent for right lower extremity radiculopathy 

6. Entitlement to TDIU

The VA examinations and opinions obtained in this case are inadequate for the purposes of evaluating the merits of this claim. 

Regarding the segmental and somatic dysfunction of the rib cage, a 2020 VA examiner noted that the Veteran’s disability was diagnosed by his chiropractor in 2019, at which point he received an adjustment. The examiner found no evidence of a current disability, seeming to imply that the chiropractic treatment resolved the disability. 

However, the Board acknowledges the Veteran’s contention is that this disability is chronic, so that, even if it were to be corrected by treatment, it reoccurs and requires further treatment. This contention has not been addressed by a VA examiner. Moreover, as the disability was diagnosed by the Veteran’s private chiropractor during the pendency of the appeal, a VA opinion regarding the etiology of the disability must be obtained. 

The Board further notes that the VA examiner did not provide a rationale for the stated opinion that none of the current lumbar spine diagnoses are etiologically related to his service-connected lumbar strain disability. Further, the examiner did not discuss whether there is a proximate connection between a current lumbar spine disability and service-connected right lower extremity radiculopathy. Such VA opinions with supporting rationales must be obtained. 

Regarding the increased rating claims, the examiner stated that there was no evidence of flare ups of either the lumbar or right lower extremity disabilities, but also stated that the Veteran took medication for severe flare ups. It appears that the examination is based on an inaccurate factual premise that the Veteran does not experience such flare ups, and so, a new VA examination must be obtained. 

Finally, the issues of entitlement to service connection for left lower extremity radiculopathy and TDIU are intertwined as the left lower extremity radiculopathy has been described by the VA examiner as proximately related to the currently diagnosed and non-service connected lumbar spine disabilities, subject to this remand order. The issue of TDIU is intertwined with each of the issues remanded as TDIU is determined by whether and at which rate a disability is service connected. As such, both issues must be remanded and adjudicated together. See Parker v. Brown, 7 Vet. App. 116 (1994); Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (issues are "inextricably intertwined" when a decision on one issue would have a "significant impact" on a Veteran's claim for the second issue).

The matters are REMANDED for the following action:

1. Obtain all outstanding VA treatment records and associate them with the claims file.

2. Provide the Veteran with an application and notice regarding TDIU.

3. Schedule the Veteran for a VA examination for her claimed segmental and somatic dysfunction of the rib cage, lumbar spine disability other than lumbar strain, and left lower extremity radiculopathy. The examiner must review the claims file.

If a diagnosis of segmental and somatic dysfunction of the rib cage cannot be provided but the Veteran’s condition manifests in symptoms that cause functional impairment, then the examiner should consider them a “disability” for the purpose of providing the requested opinion(s) below.

The examiner is asked to provide a response to the following:

Segmental and Somatic Dysfunction, Rib Cage

Does the Veteran currently have a diagnosis of segmental and somatic dysfunction of the rib cage?

Recognizing that that disability was diagnosed in 2019, is the disability at least as likely as not related to service? 

Is it at least as likely as not proximately due to a service-connected disability, to include the lumbar spine and lower extremity radiculopathy disabilities?

Is it at least as likely as not aggravated, i.e., worsened beyond its natural progression, by a service-connected disability, to include the lumbar spine and lower extremity radiculopathy disabilities?

Provide a rationale to support the opinions. 

In providing the requested opinion, consider the Veteran’s description of her in-service injury and symptoms as well as his post-service symptoms. If there is any medical reason to accept or reject the proposition that the Veteran’s reported injury and symptoms in service and thereafter represented the onset of his/her current disability, this should be noted. Stated another way, do the Veteran’s reports about his symptoms align with how the currently diagnosed disability is known to develop or are the Veteran’s reports generally inconsistent with medical knowledge or implausible?

Lumbar Spine Disability, Other Than Lumbar Strain

Is any lumbar spine disability present during the claim at least as likely as not related to service? 

Is any lumbar spine disability at least as likely as not proximately due to a service-connected disability, to include the lumbar strain and lower extremity radiculopathy disabilities?

Is any lumbar spine disability at least as likely as not aggravated, i.e., worsened beyond its natural progression, by a service-connected disability, to include the lumbar strain and lower extremity radiculopathy disabilities?

Provide a rationale to support the opinions. 

In providing the requested opinion, consider the Veteran’s description of her in-service injury and symptoms as well as his post-service symptoms. If there is any medical reason to accept or reject the proposition that the Veteran’s reported injury and symptoms in service and thereafter represented the onset of his/her current disability, this should be noted. Stated another way, do the Veteran’s reports about his symptoms align with how the currently diagnosed disability is known to develop or are the Veteran’s reports generally inconsistent with medical knowledge or implausible? 

4. Schedule the Veteran for an examination by an appropriate clinician to determine the current severity of her service-connected lumbar strain and right lower extremity radiculopathy disabilities. The examiner should provide a full description of each disability and report all signs and symptoms necessary for evaluating the Veteran’s disabilities under the rating criteria. 

(Continued on the next page)

 

In so doing, the examiner must attempt to elicit information regarding the severity, frequency, and duration of any flare-ups, and the degree of functional loss during flare-ups. If it is not possible to provide a specific measurement based on direct observation, the examiner should provide an estimate, if at all possible, of the additional impairment due to flare-ups based on the other evidence of record and the Veteran’s statements. If it is not possible to provide a specific measurement without speculation, the examiner must state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), a deficiency in the record (additional facts are required), or the examiner (does not have the knowledge or training).

 

 

Cynthia M. Bruce

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. B., Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.