Citation Nr: 1702618 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 06-12 201 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in Reno, Nevada


THE ISSUES

1. Entitlement to service connection for multiple cardiovascular disorders.

2. Entitlement to a rating in excess of 10 percent prior to December 22, 2008, and a rating in excess of 20 percent from that date, for chronic low back pain with sacroiliitis.

3. Entitlement to a total disability rating based on individual unemployability (TDIU).


WITNESS AT HEARING ON APPEAL

Appellant




ATTORNEY FOR THE BOARD

C. D. Simpson, Counsel


INTRODUCTION

The Veteran had active service from March 1976 to January 1986. 

This appeal to the Board of Veterans' Appeals (Board) arose from a July 2005 rating decision in which the RO denied an increased rating for chronic low back pain with sacroiliitis, as well as denied service connection for multiple cardiovascular disorders (coronary artery disease with AICD pacemaker, status post cerebrovascular accident, and status post myocardial infarction with hypertension), and a petition to reopen a previously denied service connection claim for post-traumatic headaches with anisocoria. In August 2005, the Veteran filed a notice of disagreement (NOD). A statement of the case (SOC) was issued in February 2006, and the Veteran filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) in April 2006.

In August 2008, the Board remanded the claims on appeal to the RO, via the Appeals Management Center (AMC) in Washington, DC, for additional development.

In June 2010, AMC granted service connection for posttraumatic headaches with anisocoria. This action resolved the claim on appeal pertaining to this disability, 

In a May 2012 rating decision, the AMC granted an increased rating of 20 percent for low back pain with sacroiliitis, effective December 22, 2008. As the Veteran was not awarded the maximum available rating for the disability, which he is presumed to seek, a claim for higher ratings (now characterized to reflect the staged ratings assigned) was deemed to remain viable on appeal. AB v. Brown, 6 Vet. App. 35, 38 (1993).

In September 2012, the Board expanded the appeal to include a claim for a TDIU due to service-connected disabilities, and remanded the claims on appeal for further development.

In May 2016, the Veteran testified during a Board hearing before the undersigned Veterans Law Judge at the Las Vegas satellite office of the Reno RO. A transcript of that hearing is of record. 

This appeal is now being processed utilizing the paperless, electronic Virtual Benefits Management System (VBMS) and Virtual VA (VVA) claims processing systems. 

For reasons expressed below, the claims on appeal are, again, being remanded to the agency of original jurisdiction (AOJ). VA will notify the Veteran when further action, on his part, is required.


REMAND

Unfortunately, the Board finds that further action on the claims on appeal is warranted, even though such will, regrettably, further delay an appellate decision on this matter.

With respect to the service connection claim for multiple cardiovascular disorders, the VA medical opinions of record do not address his latest contentions. During the May 2016 Board hearing and in a June 2016 statement, the Veteran asserted that he had hypertension in service leading to heart disease and that the nonsteroidal anti-inflammatory (NSAIDs) drugs used to treat his service-connected back disability aggravated his cardiac disorders. Review of the service treatment records (STRs) shows that the Veteran had multiple blood pressure readings with some being elevated and suggesting pre-hypertension. See http://www.mayoclinic.org/diseases-onditions/prehypertension/basics/definition/con-20026271 (last visited January 24, 2017). The Veteran also provided a supportive medical article regarding NSAID use and increased blood pressure. The October 2014 VA heart medical opinion does not address the Veteran's elevated blood pressure readings in service, nor does it address the possibility of aggravation by NSAID use to treat his service-connected back disability. Another medical opinion is needed with consideration to the elevated blood pressure readings in service and aggravation from NSAID use. 

Accordingly, on remand, the AOJ should arrange to obtain an addendum medical opinion from the clinician who evaluated the Veteran in October 2014 or from another appropriate clinician based on claims file review (if possible). The AOJ should only arrange for further examination of the Veteran if such is deemed necessary in the judgment of the individual designated to provide the addendum opinion.

With respect to the increased rating claim for a back disability, it appears that there are outstanding medical records. During the May 2016 hearing, the Veteran reported that he saw a non-VA clinician to treat his back disability as part of the Veterans Choice Program at his local VA medical center. These medical records are not associated with the claims file, and d must be obtained, as detailed below. 

As for the TDIU claim, the Board points out that favorable action on the above claims being remanded could favorably affect the TDIU claim. Thus, the Board finds that the issue of entitlement to a TDIU is inextricably intertwined with the other claims being remanded. See Parker v. Brown, 7 Vet. App. 116 (1994) and Harris v. Derwinski, 1 Vet. App. 180, 183 (issues are "inextricably intertwined" when a decision on one issue would have a "significant impact" on a Veteran's claim for the second issue). As Board action on the claim for a TDIU would be premature, at this juncture, this matter is being remanded, as well.

On remand, to ensure that all due process requirements are met, and that the record is complete, the AOJ should obtain and associate with the claims file all outstanding pertinent records. 

As for VA records, the claims file reflects that the Veteran has been receiving treatment from the Southern Nevada Health Care System (HCS), and that records from this system dated through June 2016 are associated with the Virtual VA efolder; however, more recent records may exist. The Board emphasizes that records generated by VA facilities that may have an impact on the adjudication of a claim are considered constructively in the possession of VA adjudicators during the consideration of a claim, regardless of whether those records are physically on file. See Dunn v. West, 11 Vet. App. 462, 466-67 (1998); Bell v. Derwinski, 2 Vet. App. 611, 613 (1992). Therefore, the AOJ should obtain from the Southern Nevada HCS all pertinent, outstanding records of evaluation and/or treatment of the Veteran dated since October 2015, following the current procedures prescribed in 38 C.F.R. § 3.159 (c) (2016) with regard to requests for records from Federal facilities.

The AOJ should also give the Veteran another opportunity to provide additional information and/or evidence pertinent to the remaining claims on appeal, explaining that he has a full one-year period to respond. See 38 U.S.C.A. § 5103 (b)(1) (West 2014); but see 38 U.S.C.A. § 5103 (b)(3) (clarifying that VA may make a decision on a claim before the expiration of the one-year notice period). The AOJ should specifically request that the Veteran identify the non-VA medical provider furnishing treatment for his back disability through the VA Veterans Choice Program, and that he furnish, or furnish appropriate authorization for VA to obtain, these records.

Thereafter, the AOJ should attempt to obtain any additional evidence for which the Veteran provides sufficient information and, if necessary, authorization, following the current procedures prescribed in 38 C.F.R. § 3.159.

The actions identified herein are consistent with the duties imposed by the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. § 3.159. However, identification of specific actions requested on remand does not relieve the AOJ of the responsibility to ensure full compliance with the VCAA and its implementing regulations. Hence, in addition to the actions requested above, the AOJ should also undertake any other development and/or notification action deemed warranted prior to adjudicating the remaining claims on appeal. The AOJ should adjudicate the claims in light of all pertinent evidence, to particularly include that added to the electronic claims file since the last adjudication. 

Accordingly, these matters are hereby REMANDED for the following action:

1. Obtain from the Southern Nevada HCS all outstanding, pertinent records of VA evaluation and/or treatment of the Veteran, dated since June 2016. Follow the procedures set forth in 38 C.F.R. § 3.159 (c) with regards to requesting records from Federal facilities. All records and/or responses received should be associated with the claims file.

2. Send to the Veteran a letter requesting that he Veteran provide sufficient information and, if necessary, authorization, to obtain any additional evidence pertinent to the remaining claims on appeal that is not currently of record. Specifically request that the Veteran identify the medical provider, and either furnish, or furnish appropriate authorization to obtain, medical records for back treatment through the VA Veteran's Choice program and any other outstanding, pertinent private (non-VA) records.

Clearly explain to the Veteran that he has a full one-year period to respond (although VA may decide the claim within the one-year period).

3. If the Veteran responds, assist him in obtaining any additional evidence identified, following the current procedures set forth in 38 C.F.R. § 3.159. All records/responses received should be associated with the claims file. If any records sought are not obtained, notify the Veteran of the records that were not obtained, explain the efforts taken to obtain them, and describe further action to be taken.

4. After all records and/or responses received from each contacted entity have been associated with the claims file, arrange to obtain an addendum opinion from the clinician who evaluated the Veteran and provided the October 2014 VA medical opinion.

If that individual is no longer employed by VA or is otherwise unavailable, document that fact in the claims file, and arrange to obtain medical opinion from another appropriate physician based on claims file review (if possible). Only arrange for the Veteran to undergo further VA examination if one is deemed necessary in the judgment of the physician designated to provide the addendum opinion.

The contents of the entire, electronic claims file, (in VBMS and Virtual VA), to include a complete copy of this REMAND, must be made available to the designated individual, and the addendum opinion/examination report should include discussion of the Veteran's documented history and lay assertions.

With respect to the initial diagnosis of, and subsequent treatment for heart disease, for each diagnosed cardiovascular disability, the physician r should provide an opinion, consistent with sound medical judgment, as to whether it is at least as likely as not (i.e., a 50 percent or greater probability) that the disability:

(a) had its onset during service, or is otherwise medically related to service, to include elevated blood pressure readings therein; or, if not, 

(b) was caused OR is or has been aggravated (worsened beyond natural progression) by NSAID use to treat service-connected low back pain. The examiner is directed to address the 2016. If aggravation is found, the extent should attempt to quantify the extent of disability resulting from aggravation, to include by identifying (to the extent possible) the baseline level of disability prior to aggravation. 

In addressing the above, the examiner must consider and discuss all relevant medical evidence, to include the UpToDate medical article explaining the relationship between NSAID use and increased blood pressure. Notably in addressing direct service connection, the absence of evidence of treatment in the Veteran's service treatment records should not, standing alone, serve as the basis for a negative opinion.

The examiner must also consider and discuss all lay assertions, to include the Veteran's assertions as to the nature, onset, and continuity of symptoms during and since service. In this regard, the examiner is advised that the Veteran is competent to report his symptoms and history, and that such reports must be specifically acknowledged and considered in formulating any opinion(s). If lay assertions in any regard are discounted, the examiner should clearly so state, and explain why.

All examination findings/testing results (if any), along with complete, clearly-stated rationale for the conclusions reached, must be provided.

5. To help avoid future remand, ensure that all requested actions have been accomplished (to the extent possible) in compliance with this REMAND. If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action should be undertaken. Stegall v. West, 11 Vet. App. 268 (1998).

6. After completing the requested actions, and any additional notification and/or development deemed warranted, adjudicate the remaining claims on appeal in light of all pertinent evidence (to include all evidence added to the VBMS and/or Virtual VA file(s) since the last adjudication) and legal authority.

7. If any benefit sought on appeal remains denied, furnish to the Veteran an SSOC that includes clear reasons and bases for all determinations, and afford him an appropriate time period for response.

The purpose of this REMAND is to afford due process and to accomplish additional development and adjudication; it is not the Board's intent to imply whether the benefit requested should be granted or denied. The Veteran need take no action until otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014). 



_________________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2016).