Citation Nr: 1755088 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 11-18 352A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUES

1. Entitlement to an initial disability rating in excess of 70 percent for service-connected PTSD.

2. Entitlement to a total disability rating based on individual unemployability (TDIU) for service-connected disabilities prior to May 31, 2008.


REPRESENTATION

Veteran represented by: Shannon L. Brewer, Attorney


ATTORNEY FOR THE BOARD

R. Connally, Associate Counsel


INTRODUCTION

The Veteran, who is the appellant in this case, had service from April 1966 to March 1969 and from March 1970 to May 1971. Service in the Republic of Vietnam is indicated by the record.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from August 2009 and February 2012 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado.

The August 2009 rating decision established service connection for PTSD and assigned a 30 percent disability rating, effective September 30, 2008. The Veteran disagreed with the assigned disability rating and effective date. In a May 2011 rating decision, the RO increased the assigned rating to 70 percent. The Veteran did not express satisfaction with the increased disability rating and perfected his appeal by filing a timely VA Form 9 as to disability rating and effective date, in July 2011. C.f., AB v. Brown, 6 Vet. App. 35, 38 (1993) (when a veteran is not granted the maximum benefit allowable under the VA Schedule for Rating Disabilities, the pending appeal as to that issue is not abrogated).

The Veteran's claim of entitlement to a TDIU was denied in a February 2012 rating decision. He disagreed with the denial and perfected his appeal by filing a timely substantive appeal (VA Form 9) in October 2013.

In VA Form 9s dated in October 2013 and July 2011, the Veteran requested to appear at a videoconference hearing before a Veterans Law Judge. In December 2013, the Veteran, through his attorney, withdrew his request for a hearing pursuant to 38 C.F.R. § 20.704(e) (2017).

While the claims were pending before the Board, additional evidence was added directly to the Veteran's claims file. The Veteran, through his attorney, has repeatedly submitted written waivers of local consideration of this evidence; these waivers are contained in the VA claims file. See 38 C.F.R. §§ 19.9, 20.1304(c).

The Board previously considered this appeal in August 2014. Therein, the Board granted an earlier effective date of August 29, 2003, for the PTSD rating, and, in relevant part, remanded the PTSD rating and TDIU for additional development. After the development was completed, the case returned to the Board for further appellate review. 

Subsequently, in July 2017, the Veteran was awarded TDIU, effective May 31, 2008. A July 2017 Supplemental Statement of the Case continued the 70 percent rating since August 29, 2003, for PTSD. As a result, the Veteran's claim for TDIU has been recharacterized to include the period prior to May 31, 2008, as reflected on the title page. Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the Board regrets the additional delay, a remand is required in this case.

The Veteran last received a VA examination for PTSD in October 2011. Since then, there is evidence indicating that the Veteran's condition may have worsened since his last VA examination of record. Accordingly, the Board finds that the Veteran's claim should be remanded to provide him with an updated examination to accurately assess the current condition of this disability. See Green v. Derwinski, 1 Vet. App. 121, 124 (1991).

Furthermore, there are outstanding treatment records as the last VA records in the file are from September 2013. On remand, updated records should be obtained.

The Board notes that the issue of entitlement to a total disability rating based on individual unemployability cannot be adjudicated until the initial rating issue is addressed because they are intertwined. See Parker v. Brown, 7 Vet. App. 116 (1994); Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (two issues are "inextricably intertwined" when they are so closely tied together that a final Board decision cannot be rendered unless both are adjudicated).

Accordingly, the case is REMANDED for the following action:

1. Ask the Veteran to identify the names, addresses, and approximate dates of treatment for any private health care providers who have treated his service-connected PTSD since 2011 and request such records. The AOJ should ask the Veteran to provide the copies of any private treatment records he has received with regard to treatment for the service-connected PTSD or the appropriate authorizations so the AOJ can obtain these records on the Veteran's behalf and associate them with the claims folder. All attempts to procure records should be documented in the file. If the AOJ cannot obtain records identified by the Veteran, a notation to that effect should be inserted in the file. The Veteran is to be notified of unsuccessful efforts in this regard, in order to allow him the opportunity to obtain and submit those records for VA review.

2. Appropriate efforts must be made to obtain all available VA treatment records since September 2013. All attempts to procure records should be documented in the file. If the AOJ cannot obtain records identified by the Veteran, a notation to that effect should be inserted in the file. The Veteran is to be notified of unsuccessful efforts in this regard, in order to allow him the opportunity to obtain and submit those records for VA review.

3. Schedule the Veteran for a VA examination to assess the current nature and severity of his service-connected PTSD. All pertinent symptomatology and findings should be reported in detail. Any indicated diagnostic tests and studies should be accomplished. All opinions provided should include a complete rationale regarding the potential occupational and social impairments of the Veteran's service-connected disability on his daily life. 

4. After completing the above and conducting any additional development deemed necessary, including obtaining any updated treatment records, readjudicate the claims on appeal in light all additional evidence received. If the benefits sought on appeal are not granted, the Veteran and his representative should be furnished with a Supplemental Statement of the Case (SSOC) and afforded an opportunity to respond before the file is returned to the Board for further appellate consideration.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).